**TRI CREEK LUMBER CO., INC., Petitioner,**

**v.**

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

**No. 45T05–8908–TA–00035.**

Indiana Tax Court.

July 27, 1990.

Richard A. Zunica, Lowell, for petitioner.

Linley E. Pearson, Atty. Gen. by Kim Ohmart Laurin, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Petitioner, Tri Creek Lumber Co., Inc. (Tri Creek), challenges the State Board of Tax Commissioners' assessment of a twenty percent (20%) penalty under IC 6–1.1–37–7 on Tri Creek's 1988 personal property taxes. The penalty was assessed for Tri Creek's failure to file a self-assessment business tangible personal property tax return (tax return) as required by IC 6–1.1–3–7.

IC 6–1.1–37–7(a) provides:

If a person fails to file a required personal property return on or before the due date, the county auditor shall add a penalty of twenty-five dollars ($25) to the person's next property tax installment. The county auditor shall also add an additional penalty to the taxes payable by the person if he fails to file the personal property return within thirty (30) days after the due date. The amount of the additional penalty is twenty percent (20%) of the taxes finally determined to be due with respect to the personal property which should have been reported on the return.

The Cedar Creek Township Assessor granted Tri Creek a thirty (30) day extension under IC 6–1.1–3–7(b), extending the due date of the return to June 15, 1988. The dispute is whether Tri Creek filed the appropriate tax return for its 1988 assessment within the extended time period.

The Hearing Officer for the State Board, Christina M. Nesbitt, found no evidence to substantiate Tri Creek's claim that the tax return had been filed. She spoke with the

Cedar Creek Township Assessor's office twice to determine if Tri Creek had filed its return. On both occasions, the assessor's office replied in the negative.

Every year the township assessor's office types the name, address, business, and taxing district for each taxpayer in the township on a blank tax return. A copy of this return is sent to each taxpayer prior to the due date. The original blank return is kept by the assessor's office and placed in a steel box. After the assessor receives the taxpayer's self-assessment return, the original is pulled from the box. Ultimately, if a self-assessment is not filed, the assessor's office estimates the assessment and sends a copy to the Lake County Assessor.

The Hearing Officer visited the assessor's office to review their records and look through their returns. An examination of the records and returns did not produce Tri Creek's self-assessment return, and the presence of Tri Creek's original blank return in the box after the due date indicated that no self-assessment return had been filed. As a result of these searches, the Hearing Officer recommended to the State Board that a penalty be imposed against Tri Creek.

At the original hearing before the State Board on March 14, 1989, Tri Creek presented a tax return that it claimed had been filed with the assessor's office. The assessed value on the return was $94,670. Tri Creek presented a second return at an additional hearing, on June 12, 1989, claiming that it was also filed with the assessor's office. The assessed value on this return was $87,540. No explanation was made at the second hearing for the discrepancy on the returns. At trial, the President of Tri Creek, Donald E. Cripe, testified that the return presented at the original hearing was the correct return, and was greater in amount due to additions and corrections that had been made to the return that indicated an assessed value of $87,540.

Tri Creek's accountant, Ralph Meador, of Kenneth Dufon & Company, prepared Tri Creek's business tangible personal property tax return by June 15, 1988. Several meetings had been held between the accountant and Tri Creek to value the personal property. The completed property tax return was delivered to Tri Creek from the accountant prior to June 15, 1988. Mr. Cripe, as President of Tri Creek, executed the return, with the assessed valuation of $94,670, and instructed his secretary to mail the return to the Cedar Creek Township Assessor. He retained photocopies of the original document in his files. Copies of the document apparently were sent back to Kenneth Dufon & Co. by Tri Creek, as the accountant had copies in his file.

Tri Creek asserts that since, as its accountant testified, there were several meetings held to value the property; and since an extension was properly requested, filed, and received under IC 6–1.1–3–7; and, since the taxpayer received the return from its accountant and then signed, dated, and mailed it prior to the due date, the Court should conclude that Tri Creek has taken every step necessary to secure the filing of its return as required by law.

■ The Court can only review the State Board's findings to determine whether such findings were an abuse of discretion, unsupported by substantial evidence, contrary to law or arbitrary or capricious. *Bailey Seed Farms, Inc. v. State Bd. of Tax Comm'rs* (1989), Ind.Tax, 542 N.E.2d 1389, 1391 (citing *Porter's South Shore Cleaners v. State* (1987), Ind.Tax, 512 N.E.2d 895, 898). Based on the evidence presented, the Court cannot reach the conclusion that Tri Creek suggests.

■ Although there is no evidence that Tri Creek's failure to file its property tax return was intentional, the evidence is sufficient to support the State Board's findings that the return was not filed with the Cedar Creek Township Assessor. The critical facts in this case are that the return was neither received by the assessor's office nor was the Petitioner able to establish that the return had been mailed. The Petitioner could only show that Mr. Cripe gave the tax return to his secretary to mail to the assessor's office by first class mail. No testimony was presented from Mr.

Cripe's secretary regarding the alleged mailing.

Tri Creek has a history of filing late returns. Tri Creek's 1987 return also had been estimated by the assessor's office, indicating that Tri Creek failed to file its 1987 self-assessment. Also, Tri Creek's 1986 return was filed after the May 15, 1986 deadline, even though Tri Creek had not requested an extension for that year. During each of these years, Kenneth Dufon & Co. had prepared Tri Creek's tax returns. Moreover, Kenneth Dufon & Co. sent Tri Creek's 1989 tax return to the assessor's office six days after the extended deadline date. Tri Creek loses credibility when it argues that it is illogical for Tri Creek to hire an accountant and then not file its return. Apparently, it has done so in the past.

The Cedar Creek Township Assessor's office records incoming tax returns. In the past twelve years, there has never been a claim (other than this one) that a return or other document was mailed to the Cedar Creek Township Assessor's office but was not received by the office.

The State Board contends that without the ultimate receipt of the tax return or some proof of mailing, the Court cannot find in favor of Tri Creek. Even though certified mail is deemed to be filed when mailed, *Nell v. Tracy* (1984), Ind.App., 459 N.E.2d 432, the tax return allegedly filed by Tri Creek was sent by first class mail. Also, had the return actually been received by the assessor's office, it likely would have been timely filed if it had been mailed but not received before the due date. *See LeSea Broadcasting Corp. v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 506.

In *Graham v. Henderson Elevator Co.* (1916), 60 Ind.App. 697, 111 N.E. 332, Henderson Elevator alleged that it sent Graham an acceptance letter for Graham's offer to sell corn. Henderson Elevator produced a dated copy of its acceptance letter, but failed to present any tangible proof that the letter had actually been mailed. The court found that the copy did not prove anything more than dictation, and did not demonstrate mailing. *Id.* at 707, 111 N.E.2d at 336. The court found further that Henderson Elevator could not sue for non-performance of the contract because it could not prove mailing of its acceptance letter. *Id.* Similarly, Tri Creek has presented a signed and dated copy of its tax return. The copy indicates that the return was prepared and signed, yet it does not prove that such return was ever mailed to the Cedar Creek Township Assessor's office.

Likewise, no parallel can be drawn from the federal "mailbox rule," 26 U.S.C.A. § 7502. This rule states that for the filing of income tax returns, tax court petitions, refund claims, *et cetera*, the date of filing is the post-marked date. However, the mailbox rule does not apply unless the document is actually received. *See Deutsch v. Commissioner of Internal Revenue* (2d Cir.1979), 599 F.2d 44, 46 (§ 7502 inapplicable where document never arrived); *Miller v. United States* (6th Cir.1986), 784 F.2d 728, 730 (§ 7502 does not create a presumption in favor of an alleged mailing when the documents were never received); *Foerster v. Commissioner of Internal Revenue* (1981), 41 T.C.M. 775 (U.S. tax court did not accept taxpayer's claims that it should not suffer due to a loss by the U.S. postal service).

The statute governing the date of filing with the Indiana Department of Revenue applies to situations similar to the present case. Under IC 6–8.1–6–3(d):

> If a document is mailed to, but not received by, the department, the person who mailed the document will be considered to have filed the document on or before the due date if the person can show by reasonable evidence to the department that the document was deposited in the United States mail on or before the due date....

Although the case at bar is an appeal from the State Board of Tax Commissioners, if the Court applies this test by analogy to the mailing of a property tax return to the township assessor, Tri Creek would still not prevail because it has not shown by reasonable evidence that its 1988 tax

return was mailed to the assessor's office. Tri Creek has, therefore, failed to substantiate its claim of mailing with adequate proof.

■ Although the Petitioner does not raise the issue of waiver of the penalty based on equitable principles, Tri Creek does contend that it has taken all steps necessary under the law for filing its return and should not be penalized for the disappearance of the form through no fault of its own. This Court has held that where a statute is clear and offers no opportunity for discretion in applying a penalty and where the facts meet the requirements of the statute, the penalty cannot be waived. *American Juice Co. v. State Bd. of Tax Comm'rs* (1988), Ind.Tax, 527 N.E.2d 1169, 1171 (citing *Gulf Stream Coach, Inc. v.*

*State Bd. of Tax Comm'rs* (1988), Ind.Tax, 519 N.E.2d 238, 243). Because IC 6–1.1–3–7 is clear and offers no opportunity for discretion, the penalty under IC 6–1.1–37–7 cannot be waived.

The Court finds that the State Board's final determination is supported with substantial evidence and is not contrary to law or arbitrary or capricious. Therefore, the State Board's determination is affirmed. Judgment is entered for the State Board of Tax Commissioners.