**INDIANA SUGARS, INC., Petitioners,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T10–9603–TA–00028.

Tax Court of Indiana.

Aug. 19, 1997.

Timothy J. Bender and Michael Ryan Hartman, Bingham Summers Welsh & Spilman, Indianapolis, for Petitioners.

Jeffrey A. Modisett, Attorney General, Ted J. Holaday, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

Indiana Sugars, Inc. (Sugars) appeals a final decision of the State Board of Tax Commissioners (State Board) denying it an Enterprise Zone Business Personal Property Tax Credit (EZ tax credit) for the March 1, 1993 assessment date. The State Board argues that placing an EZ–1 tax credit application in the First Class U.S. Mail does not constitute "filing" the application. Further, the State Board argues that even if mailing does constitute filing, there is not sufficient evidence that Sugars mailed its application on time. Sugars claims it filed the form via First Class U.S. Mail before the filing deadline and thus is entitled to the credit. This Court, finding Sugars has presented reasonable evidence of timely filing its EZ–1 application via First Class U.S. Mail, REVERSES the State Board's final determination denying Sugars a credit from business personal property tax.

## FACTS AND PROCEDURAL HISTORY

Sugars is a corporation primarily engaged in the manufacturing and converting of granulated sugar into powdered or liquid sugar. Sugars' facilities are located in Lake County, Indiana within a statutorily designated "enterprise zone." Indiana allows a property tax credit for "enterprise zone inventory," which is essentially inventory located within an enterprise zone on the assessment date. IND.CODE ANN. § 6–1.1–20.8–1 (West 1989). The taxpayer must file a Form EZ–1 with the county auditor for the county where the property is located and with the State Board. This must be done between March 1 and May 15 in order to receive the tax credit on the next year's property tax return. IND. CODE ANN. § 6–1.1–20.8–2 (West 1989) (amended 1996). Filing may be extended until June 14. *Id.* Sugars obtained an extension until the June 14 deadline. Sugars' accountant testified that he delivered a completed EZ–1 to Sugars on or about June 8, 1993. Sugars' controller testified that due to a previous late filing of the EZ tax credit, he follows a lengthy series of procedures designed to prevent a similar occurrence. Among the steps he takes are to personally review the form, have it signed by corporate officers, personally check the addresses and postage on the envelopes, and to personally deposit the envelopes in the United States Mail, First Class. The controller testified before the State Board that he did each of these things on or before June 14, 1993— including personally mailing the EZ–1 at the post office. The EZ–1 was never received by the Lake County Auditor. Sugars' credit was denied due to its failure to timely file an EZ–1. Upon learning that its EZ–1 credit for 1993 had been denied, Sugars filed for review by the Lake County Board of Review. Sugars provided the County Board of Review with a copy of the EZ–1 form for 1993. On

March 7, 1995, the Board of Review denied Sugars' protest because it had no record of an EZ–1 being filed by Sugars prior to the filing deadline. On March 22, 1995, Sugars appealed to the State Board. The credit was denied by the State Board on February 22, 1996 because Sugars had not timely filed an EZ–1. Sugars filed its original appeal in this Court on March 27, 1996 protesting the denial of the credit. Oral arguments were heard before this Court on May 12, 1997.

## ANALYSIS AND OPINION
### Standard of Review

■ This Court gives the State Board's decisions great deference when the Board acts within the scope of its authority. *Bender v. State Bd. of Tax Comm'rs*, 676 N.E.2d 1113, 1114 (Ind.Tax Ct.1997). As such, final determinations by the State Board are only reversed by this Court when the decision is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *Id.* at 1113–14.

### Discussion

Initially, the Court notes that when the State Board reviewed Sugars' March 22, 1995 appeal it stated the issue as, "Whether the State Board should approve the late-filed EZ Credit of Indiana Sugars for the March 1, 1993 assessment date." (State Bd.Tr., Ex. "C" at 2.) The issues involved in this case, however, are whether an application for an EZ tax credit is considered filed if placed in the U.S. Mail with First Class postage, and what evidence is necessary to prove timely mailing. Determining whether an application was filed on time is very different than deciding to accept or deny something summarily labeled as late-filed. No one doubts that an application that is truly late-filed may be denied. It is is arbitrary and capricious to simply assume the application was late and proceed on that assumption. However, the State Board has properly framed and briefed the issues for this Court and they will be examined in turn.

Taxpayers seeking an EZ tax credit are required by statute to "file" a certified application with the auditor of the county where the property is located. IND.CODE ANN. § 6–1.1–20.8–2(a)(1). Neither the statute nor the regulations define what constitutes filing or how it is to occur. The State Board argues that simply placing the application in the U.S. Mail with prepaid First Class postage is insufficient. Instead, the State Board asserts that filing can only be properly done via certified or registered mail. Although filing via certified mail may be prudent, it is not required.

In *LeSea Broadcasting Corp. v. State Bd. of Tax Comm'rs*, 512 N.E.2d 506 (Ind.Tax Ct.), *adopted*, 511 N.E.2d 1009 (Ind.1987), this Court was asked to decide whether notice of an intent to appeal was timely filed. The notice was mailed to the State Board prior to the filing deadline, but was not received by the State Board until after the deadline had passed. The applicable statute was silent with respect to what constituted filing an appeal or what method of filing was proper. *Id.* at 509. This Court held that filing of the notice of intent to appeal was complete upon depositing the same in the U.S. Mail with sufficient First Class postage affixed. *Id.* Despite this clear holding, the State Board argues that *LeSea* should not be followed. The Court points out that the State Board has acquiesced in the holding. Since *LeSea* was handed down in 1987, the State Board has passed no regulations defining filing. Further, the Supreme Court has affirmed this Court. *See State Bd. of Tax Comm'rs v. LeSea Broadcasting Corp.*, 511 N.E.2d 1009 (Ind.1987).

Although there are no statutes or regulations governing filing with the State Board, there are specific statutes governing filing with the Indiana Department of Revenue (Department). Although it is clear that these statutes do not govern or apply to State Board actions, an obvious analogy may be drawn between filing documents with the Department and filing documents with the State Board. The persuasiveness of an argument made by analogy depends on the similarities between the analogue group. *See Farm Credit Servs. v. Indiana Dept. of State Revenue*, 677 N.E.2d 645, 648 (Ind.Tax Ct.1997). The State Board administers the property tax system in Indiana. IND.CODE

ANN. § 6–1.1–30–14 (West 1989). The Department administers, among others, the income tax in Indiana. IND.CODE ANN. § 6–8.1–3–1 (West Supp.1996). Sugars was filing an application for tax credit with the State Board. This is similar to filing a return or application for exemption with the Department and is indeed more analogous to the case at hand than to *LeSea*. *LeSea* dealt with court procedures for initiating an appeal, not filing tax documents.

Filing with the Department is defined by IND.CODE ANN. § 6–8.1–6–3(a)(1) (West 1989). Under this statute, the Department considers a document filed if it is deposited in the United States mail, postmarked prior to the filing deadline. IND.CODE ANN. § 6–8.1–6–3(b) discusses filing by certified or registered mail, which is accomplished in a similar manner. Thus, the legislature has said that mailing via regular *or* certified mail constitutes filing *for Department purposes*. If IND.CODE ANN. § 6–8.1–6–3(a)(1) were applied by analogy, the State Board would be in error when arguing that certified or registered mail is required.

■ In light of *LeSea* and the above analogy, it would seem unjust to require more than filing via First Class U.S. Mail. Common sense tells us that tax forms of all types are typically filed through regular mail. To now require otherwise might set a technical trap for unwary and unsophisticated taxpayers. This Court will not set such a trap. Until such time as statutes are enacted or regulations are promulgated requiring more, mailing forms to the State Board via First Class U.S. Mail constitutes filing.

■ The State Board also argues that Sugars cannot provide sufficient evidence of timely mailing its application. The State Board contends that more evidence than the testimony of Sugars' controller is necessary to show timely mailing. The State Board again argues that evidence such as a certified mail card is necessary. This is not the case.

A study of what evidence is necessary to prove timely mailing leads us first to *F & F*

*Construction Co. v. Royal Globe Insurance Co.*, 423 N.E.2d 654 (Ind.Ct.App.1981). In *F & F*, the dispute arose over whether an insurance company had a contractual duty to defend its insured. The insurance policy required the insured to immediately forward notice to the insurance company of any suit brought against the insured. Subsequent to a suit being filed against the insured, the president of the insured placed the required notice papers on the desk of his office manager. The office manager was told to mail the papers to the insurance company. The papers were never received by the insurance company. No one involved in the mailing process remembered seeing the papers or mailing them. The insurance company refused to defend its insured because of failure to comply with the policy provisions. The insured argued that summary judgment in favor of the insurance company was not appropriate because a genuine controversy existed as to whether the documents were placed in the mail and subsequently lost by the insurance company. The Court of Appeals held that evidence of following normal office procedures was not enough to prove mailing. *Id.* at 656. "[P]roof consisting of testimony from one with direct and actual knowledge of the particular message in question is required to establish proof of mailing." *Id.* Sugars provides enough evidence to satisfy the test from *F & F*. Sugars' controller testified under oath that he personally mailed the applications. This is precisely the type of evidence required by the holding in *F & F*.

Nine years later in *Tri Creek Lumber Co. v. State Bd. of Tax Comm'rs*, 558 N.E.2d 1130 (Ind.Tax Ct.1990), this Court was asked to determine whether the assessment of a penalty for failure to file a personal property tax return was proper. Tri Creek's return was never received by the assessor and Tri Creek argued that the return was simply lost in the mail. As it did above, this Court looked to the statutes governing Department filings for an analogy. Those statutes clearly require "reasonable evidence" of mailing on or before the due date.[1] The Court held that

---

1. IND.CODE ANN. § 6–8.1–6–3(d) governs filings with the Department that are lost in the mail:

> If a document is mailed to, but not received by, the department, the person who mailed the document will be considered to have filed the

Tri Creek did not produce reasonable evidence of depositing the document in the mail. The only evidence Tri Creek presented to show that the return was mailed was the testimony of the President of Tri Creek that he had given the return to his secretary to mail. *Id.* at 1131. This was not reasonable evidence.

Sugars presented reasonable evidence of mailing the tax credit application on or before the due date. Sugars presented evidence of extensive procedures designed to ensure timely filing of its application. Sugars' accountant prepared the application and delivered it to Sugars. The document needed only signing and mailing. Further, Sugars' controller, Mr. Witt, testified that he *personally* placed the return in the mail on or before the due date. This is reasonable evidence of mailing and distinguishes Sugars' case from Tri Creek's. Tri Creek was able to show only that a secretary was asked to mail the form. No reasonable evidence of mailing was presented by Tri Creek.

Despite the holding in *F & F* and the analogy of *Tri Creek*, the State Board argues that the sworn testimony of a witness is not enough evidence to prove they were timely mailed. In the Indiana and United States legal systems, witnesses are sworn to tell the truth. Defendants are often sentenced to lengthy stays at correctional institutions based on little more than the sworn testimony of a witness. However, the State Board is not willing to accept the sworn testimony of Sugars' controller as direct or reasonable evidence of mailing. The State Board has effectively adopted a position that taxpayers who miss deadlines will simply lie under oath and testify that they personally mailed the

documents in a timely manner. The Court is not so jaded.

■ This Court believes that the sworn testimony of a witness constitutes sufficient evidence to prove timely mailing. Although the Court appreciates the fears of the State Board, and reminds witnesses that telling a lie under oath will result in severe penalties including time in jail [2], this Court's trust that people tell the truth under oath has not waned. Sugars' controller testified under oath that he personally placed the application in the mail. This testimony constitutes direct testimony of one with personal knowledge and is reasonable evidence of mailing. Therefore, this Court finds that Sugar's application was filed in a timely manner.

## CONCLUSION

This Court holds that mailing via First Class United States Mail is an acceptable method of filing. Further, this Court holds that Sugars has presented sufficient evidence of timely filing. Therefore, the State Board's final determination denying Sugars' application constitutes an abuse of discretion, is arbitrary and capricious, and is not supported by substantial evidence. The final determination of the State Board is REVERSED and this matter is REMANDED to the State Board for further action consistent with this opinion.

---

document on or before the due date if the person can show by reasonable evidence to the department that the document was deposited in the United States mail on or before the due date and if the person files with the department a duplicate document within thirty (30)

days after the date the department sends notice that the document was not received.

2. See Ind.Code Ann § 35–44–2–1 (West 1986); *id.* § 35–50–2–7 (West Supp.1996).