**WETZEL ENTERPRISES, INC., Petitioner,**

**v.**

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 82T10–9604–TA–00030.

Tax Court of Indiana.

May 27, 1998.

Thomas P. Norton, Statham, Johnson & McCray, Evansville, for Petitioner.

Jeffrey A. Modisett, Attorney General, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

The Petitioner, Wetzel Enterprises, Inc. (Wetzel), appeals a final determination of the State Board of Tax Commissioners (State Board) that reinstated the original assessed value assigned Wetzel's real property during the 1989 general reassessment.

## FACTS AND PROCEDURAL HISTORY

■ Wetzel owns real property located in Evansville, Vanderburgh County, Indiana. Wetzel's real property consists of approximately .4 acres of land along with an office building and various storage sheds. Wetzel's property was valued at $92,300 ($2,330 for the land and $89,970 for the improvements) during the 1989 general reassessment. *See* IND.CODE ANN. § 6–1.1–4–4 (West 1989) (amended 1997). Wetzel chose not to appeal this assessment. However, the Vanderburgh County Assessor, Mr. James Angermeier (Angermeier), filed a Form 130 Petition for Review of Assessment[1] with the Vanderburgh County Board of Review (BOR).[2] The BOR held a hearing regarding the Form 130 petition on May 24, 1991, notice of which was sent to Wetzel. *See* IND.CODE ANN. § 6–1.1–13–1 (West 1989) (amended 1997). On June 21, 1991, the BOR issued a decision that reduced the assessed value of the Wetzel's real property to $67,160 ($2,330 for the land and $64,830 for the improvements) retroactive to March 1, 1989.[3] As a result of the BOR's decision, Wetzel began to receive, and pay, lower property tax bills.

On February 21, 1992, eight months after the BOR's decision was issued, a Form 131 Petition for Review of Assessment was filed with the State Board by Angermeier.[4] No-

---

1. The evidence indicates that Angermeier filed the Form 130 with the knowledge and perhaps the approval of Wetzel. (Angermeier Aff. at 3). However, many of the facts of this case are unclear due to the death of Wetzel's President in 1991.

2. The abbreviation BOR will be used to identify both the Vanderburgh County Board of Review specifically and Boards of Review in general as defined in IND CODE ANN. 6–1.1–28–1 (West 1989).

3. In Indiana, the assessed value of a piece of property as determined during the general reassessment carries forward until the next general reassessment. *See* IND.CODE ANN § 6–1.1–4–4(a) (West Supp.1997); *see also Williams Indus. v. State Bd. of Tax Comm'rs*, 648 N.E.2d 713, 718 (Ind. Tax Ct.1995); *see also Kent Co. v. State Bd. of Tax Comm'rs*, 685 N.E.2d 1156, 1158, n.

8 (Ind. Tax Ct.1997), *review denied*. In this case, the assessed value of Wetzel's property as determined during the March 1, 1989 general reassessment was used to calculate Wetzel's tax liability until next general reassessment. Therefore, the decision of the BOR to lower the assessed value of Wetzel's property as of March 1, 1989 affected the assessed value of Wetzel's property, and Wetzel's tax liability, for each year until the most recent general reassessment in 1995.

4. The evidence indicates that Wetzel did not file this petition. In an affidavit filed by Wetzel's current President, Wetzel avers that it was never aware of any appeal pending before the State Board and, to the affiant's knowledge, never authorized any appeal. (J. Wetzel Aff. at 2). The Form 131 petition bears the signature of Angermeier.

tice of the State Board hearing was sent to Angermeier, but Wetzel received no notice of the hearing. The State Board hearing was held on June 8, 1994 and on February 23, 1996, the State Board issued its final assessment determination. The State Board's determination reinstated the assessed value of Wetzel's property as determined during the 1989 general reassessment. The State Board based this decision on a determination that only the taxpayer may file a Form 130 with the BOR and therefore the BOR's reduction of Wetzel's assessment was invalid. Wetzel appealed that decision by filing an original tax appeal on March 27, 1996. Both parties moved for summary judgment, and oral argument was heard on April 4, 1997. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

This Court gives the final determinations of the State Board great deference when the State Board acts within the scope of its authority. *Indiana Sugars, Inc. v. State Bd. of Tax Comm'rs*, 683 N.E.2d 1383, 1385 (Ind. Tax Ct.1997). This Court reverses final determinations of the State Board when those decisions are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.*

5. The fact that Angermeier initially brought Wetzel's assessment to the BOR's attention does not necessarily void the BOR's action. The legislature included the language "any person" in section 6–1.1–13–5. The inclusion of this language by the legislature makes clear that an assessment brought to the BOR's attention by anyone, whether the person is a member of the BOR or not, may be reviewed by the BOR as long as it is acting pursuant to the applicable time and notice requirements. Section 6–1.1–13–5 does not indicate the manner in which a person should notify the BOR of concerns regarding an assessment. The State Board has created several forms to be used when petitioning for a review of an assessment. *See* IND. ADMIN. CODE tit. 50, r. 4.2–2–9 (1996). In the present case, Angermeier chose to use one of these forms to draw Wetzel's assessment to the attention of the BOR. Although the parties did not argue the issue, it seems logical that one method that could be used (by "any person") to bring an assessment to the BOR's attention is the filing of a form that was drafted and adopted by the State Board.

## Discussion

■ ▪ The State Board contends that any action taken by the BOR with regard to Wetzel's property was invalid because the Form 130 was filed by Angermeier. The State Board argues that only a taxpayer may appeal his assessment via a Form 130. Additionally, the State Board argues that the BOR's power to sua sponte review Wetzel's assessment is limited because the BOR's power of sua sponte review is limited to a review of the "property assessments made with respect to the last preceding assessment date." *Id.* §§ 6–1.1–13–1, 6–1.1–13–5 (West 1989) (amended 1997); *see also Lakeview Country Club, Inc. v. State Bd. of Tax Comm'rs*, 565 N.E.2d 392, 396–97 (Ind. Tax Ct.1991). Indeed, the State Board's entire argument hinges on the invalidity of the BOR's action.[5] However, the State Board's argument misses the point. Whether or not Wetzel's assessment was properly reviewed and adjusted by the BOR is not relevant. The issue in this case is whether the State Board may review and alter Wetzel's assessment more than four years after Wetzel began receiving, and paying, reduced tax bills. It is clear that the State Board may not.

■ There are two basic methods by which the State Board may review a taxpayer's assessment. The first method is where the taxpayer files a petition asking the State Board to review an assessment. *See id.* § 6–

This Court also notes that Wetzel chose not to petition the State Board regarding the change in assessment made by the BOR. Wetzel was given the mandatory notice by the BOR and chose not to protest any perceived procedural irregularities to the State Board. This Court has previously held that procedural defects can be waived by a taxpayer. *See Lakeview Country Club*, 565 N.E.2d at 395 n. 4; *see also Jewell Grain Co. v. State Bd. of Tax Comm'rs*, 524 N.E.2d 49, 51 (Ind. Tax Ct.1989), *rev'd on other grounds*, 556 N.E.2d 920 (Ind.1990).

In this case, Wetzel not only waived any procedural defects, it gladly accepted the outcome of the BOR's decision. This is well within Wetzel's right. It is logical that procedural protections included in the law to protect the taxpayer may be voluntarily waived by the taxpayer if so desired. That is precisely the choice Wetzel made with respect to the BOR's review of its assessment. Regardless, the Court does not, and need not, decide whether the BOR's action in this case was valid.

1.1–15–3 (West 1989) (amended 1993 & 1997). The second method is where the State Board decides to sua sponte review an assessment. *See id.* § 6–1.1–14–10 (West 1989). In the present case, there was a Form 131 petition filed with regard to Wetzel's assessment.

■ After the BOR reduced Wetzel's assessment, the State Board received a Form 131 petition (filed on March 4, 1992) asking for review of Wetzel's assessment. This Form 131 was filed eight months after the BOR's June 21, 1991 final determination regarding Wetzel's assessment. A petition for review of a final determination of the BOR must be filed within 30 days of the BOR's final determination. *See* IND.CODE ANN. § 6–1.1–15–3 (West Supp.1997). Therefore, the Form 131 petition was late filed.[6] Generally, late filed petitions for review will not be reviewed. *See Williams Indus.,* 648 N.E.2d at 717.

■ However, in some cases, the State Board may review assessments despite untimely filed petitions for review. *Cf. State Bd. of Tax Comm'rs v. New Energy Co. of Indiana,* 585 N.E.2d 38, 39 (Ind.Ct.App.1992) (holding that State Board may consider untimely filed application for deduction). This may be done because, subject to the limitations contained in IND.CODE ANN. § 6–1.1–14–11 (West 1989), the State Board may invoke its authority to review an assessment sua sponte. *See* IND.CODE ANN. § 6–1.1–14–10. However, the State Board's authority to alter an assessment is limited to three years after that assessment has been made. *See* IND. CODE ANN. §§ 6–1.1–9–4, 6–1.1–14–11; *see also Joyce Sportswear Co. v. State Bd. of Tax Comm'rs,* 684 N.E.2d 1189, 1191 (Ind. Tax Ct.1997), *appeal dismissed.*

■ In the present case, the State Board admits that it "could not review Wetzel's assessment sua sponte because more than three years had passed between the March 1, 1989 assessment date and the State Board's final determination on February 23, 1996." (Resp't Br. in Opp'n to Summ. J. Dec 16,

1996 at 6). Inexplicably however, the State Board issued a final determination voiding the action by the BOR and returning the assessed value of Wetzel's property to the value determined during the 1989 reassessment. By limiting the State Board's ability to alter an assessment to three years after the assessment date, the legislature clearly intended to prevent this from happening. The constraints on the State Board's ability to sua sponte alter an assessment are intended to provide the taxpayer with protection from the worry that a claim for more taxes will be made several years after the taxes were paid.

Additionally, the Court notes that the State Board may not exercise its sua sponte power unless the taxpayer has been afforded proper notice and a hearing. *See id.* § 6–1.1–14–11; *see also Mills v. State Bd. of Tax Comm'rs,* 639 N.E.2d 698, 703 (Ind. Tax Ct.1994). Procedural protections, such as a limit on the State Board's sua sponte power and the requirement of notice to the taxpayer, are in place for the taxpayer's protection. As early as 1926, the Indiana Supreme Court discussed whether a tax assessment statute provided a mandatory procedural step (in order to have a valid assessment) or whether the procedural step was merely directory. Our Supreme Court recognized that:

> "If the provision is mandatory it must be followed or the assessment will be invalid; but if it is merely directory the assessment is not necessarily invalid because of failure to observe the statute. The test is whether the provision is for the benefit and protection of the individual taxpayer. If it is, the provision is mandatory. On the other hand if the regulations are designed to secure order, system and dispatch in proceedings, and the rights of interested taxpayers cannot be injuriously affected, the provisions are merely directory."

*Board Comm'rs of Marion County v. Western Electric Co.,* 198 Ind. 417, 422, 153 N.E. 177, 178 (1926) (quoting 3 COOLEY, THE LAW OF TAXATION, § 1060 (4th ed.)).

---

6. The Court also notes that after the BOR's June 21, 1991 determination regarding Wetzel's property, a correction was made to Wetzel's assessment. Wetzel received an amended determination from the BOR increasing the assessment of its real property by $30.00. This revised assessment was issued on February 6, 1992. Regardless, the Court's conclusions about the untimeliness of the Form 131 filing do not change. The State Board agrees that the Form 131 was late filed. (Resp't Br. in Opp'n to Summ. J. Dec. 16, 1996 at 5).

■ Taxpayers stand to be "injuriously affected" in instances where the State Board seeks to review tax years beyond the normal statutory limitation. Moreover, were the State Board not required to provide proper notice to taxpayers before altering an assessment, taxpayers could face having their assessments increased without the opportunity to respond. The statutory limitation on the State Board's authority to review an assessment, as well as the requirement that notice and a hearing be provided the taxpayer before an assessment may be changed, are mandatory provisions because they are included to protect the taxpayer. Thus, *any* action taken by the State Board in this case is invalid because the State Board provided no notice to Wetzel regarding its decision to hold a hearing regarding Wetzel's assessment. Wetzel was not informed of the State Board's action until it received a revised tax bill for $15,196.11.[7] At any time the State Board could have provided Wetzel with the appropriate notice of intent to hold a hearing. The State Board could then have reviewed Wetzel's assessments for the three previous years. It did not do so and, to this Court's knowledge, has not. As such, the State Board is now foreclosed from sua sponte reviewing Wetzel's assessment with respect to any of the tax years controlled by the 1989 general reassessment.

## CONCLUSION

For the foregoing reasons, this cause is REMANDED to the State Board with instructions to reinstate the assessment of Wetzel's property as determined by the Vanderburgh County Board of Review on June 21, 1991.

7. This amount reflects the differential amount between the amount Wetzel would have paid based on the 1989 assessed value of its property and the amount Wetzel paid based on the assessed value as determined by the BOR.