**QUAKER OATS COMPANY, Petitioner,**

v.

**DEPARTMENT OF LOCAL GOVERN-MENT FINANCE,[1] Respondent.**

**No. 49T10–0105–TA–34.**

Tax Court of Indiana.

Feb. 7, 2003.

---

**1.** The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, as of December 31,

2001, the legislature abolished the State Board. P.L. 198–2001, § 119(b)(2). Effective January 1, 2002, the legislature created the Department of Local Government Finance (DLGF), IND.CODE § 6–1.1–30–1.1 (West Supp. 2001) (eff. 1–1–02); P.L. 198–2001, § 66, and the Indiana Board of Tax Review (Indiana Board). IND.CODE § 6–1.5–1–3 (West Supp. 2001) (eff. 1–1–02); P.L. 198–2001, § 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp. 2001) (eff. 1–1–02); P.L. 198–2001, § 95. Moreover, the law in effect prior to January 1, 2002 applies to these appeals. IND CODE § 6–1.5–5–8 (West Supp.2001) (eff. 1–1–02); P.L. 198–2001, §§ 95, 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

Larry J. Stroble, Jennifer A. Dunfee, Barnes & Thornburg, Indianapolis, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Michael C. Dart, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

The Petitioner, Quaker Oats Company (Quaker Oats), appeals the final determination of the State Board of Tax Commissioners (State Board) denying it an Interstate Commerce Exemption on its personal property for the 1999 tax year. The Court restates the issue as whether Quaker Oats timely filed its Form 103 Business Tangible Personal Property Assessment Return (Form 103), thereby entitling it to an Interstate Commerce Exemption.[2]

For the reasons stated below, the Court REVERSES this case and REMANDS it to the Indiana Board of Tax Review (Indiana Board).[3]

## FACTS AND PROCEDURAL HISTORY

Quaker Oats is a New Jersey corporation with its principal place of business in Chicago, Illinois. For the 1999 tax year, Quaker Oats owned personal property (inventory) that was stored in a warehouse in Wayne Township, Marion County, Indiana.

On April 27, 1999, Quaker Oats filed a request with the Wayne Township Assessor (Assessor) for an extension of time to file its Form 103, which was due on May 15, 1999. The Assessor granted Quaker Oats a 30–day extension and stamped Quaker Oats' request letter with the following statement: "EXTENSION

---

**2.** In the alternative, Quaker Oats argues that even if its Form 103 is found to be untimely filed, an untimely Form 103 does not waive the Interstate Commerce Exemption. Because this Court finds that Quaker Oats timely filed its Form 103 and is entitled to an Interstate Commerce Exemption, *see infra*, it need not address this alternative argument.

**3.** All cases that would have previously been remanded to the State Board are now remanded to the Indiana Board of Tax Review. IND.CODE § 6–1.1–15–8. Final determinations made by the Indiana Board are subject to review by this Court pursuant to Indiana Code § 6–1.1–15. IND.CODE §§ 6–1.5–5–7; 33–3–5–2 (West Supp.2002).

GRANTED UNTIL JUN[E] 14, 1999 WAYNE TOWNSHIP ASSESSOR." (Admin.R. at 114.) Quaker Oats mailed, and the Assessor received its Form 103 on June 15, 1999. Attached to the Form 103 was a Form 103–W in which Quaker Oats claimed an Interstate Commerce Exemption for its inventory. On June 19, 1999, the Assessor sent Quaker Oats a notice denying the Interstate Commerce Exemption because of an untimely filed Form 103.

Quaker Oats appealed to the Marion County Property Tax Assessment Board of Appeals (PTABOA), and the PTABOA affirmed the assessment. Quaker Oats subsequently appealed to the State Board, arguing that it timely filed its Form 103 and that it was entitled to an Interstate Commerce Exemption. The State Board held a hearing and issued its final determination on March 21, 2001, affirming the PTABOA's determination. The State Board found that Quaker Oats had filed its Form 103 one day late and had therefore waived the Interstate Commerce Exemption.

On May 4, 2001, Quaker Oats initiated an original tax appeal. In lieu of a trial, the parties agreed to argue this case based on the administrative record presented to the State Board. This Court heard oral arguments on October 25, 2002. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

 The Court gives great deference to the State Board's final determinations

when it acts within the scope of its authority. *Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). Accordingly, this Court reverses final determinations of the State Board only when those decisions are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* The taxpayer bears the burden of demonstrating the invalidity of the State Board's final determination.[4] *Clark v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998). The taxpayer must present a prima facie case, i.e., a case in which the evidence is "sufficient to establish a given fact and which if not contradicted will remain sufficient." *GTE North Inc. v. State Bd. of Tax Comm'rs,* 634 N.E.2d 882, 887 (Ind. Tax Ct.1994) (citations and internal quotation marks omitted). To establish a prima facie case, the taxpayer must offer probative evidence concerning the alleged error. *Damon Corp. v. State Bd. of Tax Comm'rs,* 738 N.E.2d 1102, 1106 (Ind. Tax Ct.2000).

### Discussion

 The issue is whether Quaker Oats timely filed its Form 103, thereby entitling it to the Interstate Commerce Exemption.[5] The State Board contends that Quaker Oats is not entitled to the exemption because it filed its Form 103 one day late.[6] Quaker Oats, which was granted a 30–day extension to file its Form 103, argues that its Form 103 was timely

---

4. Because an interstate commerce exemption, like any other tax exemption, is strictly construed against the taxpayer and in favor of taxation, the taxpayer bears the burden of proving that it is entitled to the exemption. *Sony Music Entertainment, Inc. v. State Bd. of Tax Comm'rs,* 681 N.E.2d 800, 801 (Ind. Tax Ct.1997), *review denied.*

5. The parties do not dispute that Quaker Oats would be entitled to the exemption if the Form 103 is found to be timely filed.

6. The State Board also suggests that Quaker Oats has waived any argument that its Form 103 was timely filed. (Resp't Br. at 3 n. 4, 5–6.) However, Quaker Oats included the argu-

because it was filed before the expiration of that 30–day extension period. Quaker Oats is correct.

The normal filing date for a Form 103 personal property return is May 15. IND. CODE §§ 6–1.1–1–7, 6–1.1–3–7(a). However, the actual filing date of the return may be modified. Indeed, Indiana Code § 6–1.1–37–10 states that:

> If any due date falls on a Saturday, a Sunday, a national legal holiday recognized by the federal government, or a statewide holiday, the act that must be performed by that date is timely if performed by the next succeeding day that is not a Saturday, a Sunday, or one (1) of those holidays.

IND.CODE § 6–1.1–37–10(b). Moreover, Indiana Code § 6–1.1–3–7 provides:

> The township assessor may grant a taxpayer a thirty (30) day extension to file the taxpayer's return if:
>
> (1) the taxpayers submits a written application for an extension prior to the filing date; and
>
> (2) the taxpayer is prevented from filing a timely return because of sickness, absence from the county, or any other good and sufficient reason.

IND.CODE § 6–1.1–3–7(b) (West 2000).[7] Thus, the filing date of a Form 103 may be modified if it falls on a weekend or holiday or if an extension to file the return is granted. *See* I.C. §§ 6–1.1–3–7(b), 6–1.1–37–10(b).

During the tax year at issue, May 15 fell on a Saturday. Thus, Quaker Oats' 1999 personal property return was not due until Monday, May 17. *See* IND.CODE § 6–1.1–37–10(b). *See also Kaster v. Heinrich*, 489 N.E.2d 152, 155–56 (Ind.Ct.App.1986) (discussing the modification of a filing date by weekends and holidays under Indiana Trial Rule 6(A)). However, Quaker Oats, pursuant to Indiana Code § 6–1.1–3–7(b), requested an extension of 30 days to file its Form 103. The Assessor granted Quaker Oats the 30–day extension, thereby extending the due date of the return to June 16, 1999 (i.e. 30 days from the May 17 due date). *See* IND.CODE § 6–1.1–3–7(b).[8] Quaker Oats filed its Form 103 with the Assessor on June 15, 1999. Therefore, Quaker Oats timely filed its Form 103 and is entitled to the Interstate Commerce Exemption.

While the State Board agrees that Quaker Oats had a 30–day extension, it disputes that the extended filing date was June 16, 1999. The State Board argues that Quaker Oats only had until June 14 to file its Form 103 because the Assessor

---

ment in its amended 131 Petition to the State Board and argued the issue during the administrative hearing. Thus, the argument is properly before this Court. *See Boehning v. State Bd. of Tax Comm'rs*, 763 N.E.2d 502, 504 (Ind. Tax Ct.2001) (finding that taxpayer may only present evidence to this Court that he or she originally presented at administrative level).

7. In 2001, Indiana Code § 6–1.1–3–7(b) was amended to allow a township assessor discretion in the amount of time that it granted a taxpayer an extension to file his personal property return. *See* IND.CODE § 6–1.1–3–7(b) (West Supp.2002) (stating that "[t]he township assessor may grant a taxpayer an exten-

sion of not more than thirty (30) days to file the taxpayer's return").

8. This finding is also consistent with the Indiana Department of Revenue's computation of time for an extension when a filing date falls on a weekend. When the normal filing date for an income tax return (April 15) falls on a Saturday, the filing date then becomes Monday April 17 and a 60–day automatic extension request results in an extended filing date of June 16. (*See* Admin.R. at 57.) *See also Indiana Sugars v. State Bd. of Tax Comm'rs*, 683 N.E.2d 1383, 1385–86 (Ind. Tax Ct.1997) (finding that practices of the Indiana Department of Revenue to be persuasive in resolving issues involving the State Board).

stamped that date on Quaker Oats' extension request. The State Board further contends that the 30–day extension is always counted from May 15 even if May 15 falls on a weekend. Thus, it contends that a 30–day extension would always be granted only until June 14.

 To support its contentions, the State Board relies on its regulations, which state that "[a] thirty (30) day extension (to June 14) may be granted provided an extension is requested in writing prior to May 15 of the current year." IND. ADMIN. CODE tit. 50, r. 4.2–2–3 (1996). However, the statute regarding an extension of time to file the Form 103 does not state that the 30–day extension always extends the filing date to June 14. *See* I.C. § 6–1.1–3–7(b). If the filing date of the Form 103 falls on a weekend or holiday, an extension to June 14 would be less than 30 days. The statute during the tax year at issue, however, stated that a taxpayer would receive a *30–day* extension—no more, no less. *See id.* The State Board "may not by its rules and regulations add to or detract from the law as enacted[.]" *Johnson County Farm Bureau Co-op. Ass'n, Inc. v. Indiana Dep't of State Revenue,* 568 N.E.2d 578, 587 (Ind. Tax Ct.1991) (internal quotation marks and citation omitted), *aff'd by* 585 N.E.2d 1336 (Ind.1992). Accordingly, to the extent that the State Board's regulation requires that all 30–day extensions for personal property returns always be granted only until June 14 even during those years where the filing date falls on a weekend or holiday, the regulation is invalid. *See id. See also Kaster,* 489 N.E.2d at 155–56 (finding that motion filed two days after date stamped on court order was not late because filing date on order was extended by weekend and holiday). Accordingly, this Court RE-VERSES the State Board's final determination.

### CONCLUSION

For the aforementioned reasons, the State Board's final determination is RE-VERSED and this case is REMANDED to the Indiana Board with instructions to grant the Interstate Commerce Exemption to Quaker Oats.