COMMUNITY HOSPITAL
FOUNDATION,
Petitioner,

v.

DEPARTMENT OF LOCAL GOVERN-
MENT FINANCE,[1] Respondent.

No. 49T10–9811–TA–173.

Tax Court of Indiana.

July 21, 2003.

Publication Ordered Aug. 29, 2003.

1. The State Board of Tax Commissioners ("State Board") was originally the Respondent in this appeal. However, the legislature abolished the State Board as of December 31, 2001. 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the legislature created the Department of Local Government Finance ("DLGF"), see INDIANA CODE § 6–1.1–30–1.1 (West Supp.2001)(eff. 1–1–02); 2001 Ind. Acts 198 § 66, and the Indiana Board of Tax Review ("Indiana Board"). IND.CODE § 6–1.5–5–3 (West Supp.2001)(Eff. 1–1–02); 2001 Ind. Acts 198 § 95. Pursuant to INDIANA CODE § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp.2001)(eff. 1–1–02); 2001 Ind. Acts 198 § 95. Nevertheless, the law in effect prior to January 1, 2002, applies to these appeals. *Id.* *See also* 2001 Ind. Acts 198 § 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

David L. Pippen, Attorney at Law, Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Karen Hsu, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Community Hospital Foundation (Foundation) appeals a final determination of the State Board of Tax Commissioners (State Board) valuing its property for the March 1, 1995 assessment date. The issue is whether the State Board erred in classifying the ditch on Foundation's land as primary land. For the reasons stated below, the Court REVERSES and REMANDS the State Board's final determination.

## FACTS AND PROCEDURAL HISTORY

Foundation owns land and improvements in Lawrence Township, Marion County, Indiana. On the land is a ditch located in front of the parking lot. For the March 1, 1995 assessment, Foundation's entire parcel was classified as primary.

Foundation challenged the assessment to the Marion County Board of Review (BOR) arguing that the portion of its land containing the ditch should be reclassified as "unusable undeveloped." The BOR denied relief to Foundation.

Foundation subsequently appealed the BOR's decision to the State Board. On June 8, 1998, the State Board conducted an administrative hearing. In its final determination issued October 6, 1998, the State Board did not adjust the assessment.

Foundation appealed to this Court on November 12, 1998. This Court held oral argument on December 20, 2000. Additional facts will be supplied as needed.

## STANDARD OF REVIEW

This Court gives great deference to final determinations of the State Board. *Wetzel Enters. Inc. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). Accordingly, this Court will reverse a State Board final determination only if it is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *Id.*

Moreover, the taxpayer bears the burden of showing the invalidity of the State Board's final determination. *See Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998). To do so, the taxpayer must present probative evidence regarding the alleged assessment error. *Id.* Probative evidence is evidence sufficient to establish facts that, if not contradicted, will remain sufficient. *Osolo v. Elkhart Maple Lane Associates*, 789

N.E.2d 109, 111 (Ind. Tax Ct.2003). Once the taxpayer presents probative evidence, the State Board must deal with it in a meaningful manner. *Clark,* 694 N.E.2d at 1235. In addition, a taxpayer may only present evidence to this Court originally presented at the administrative level. *See State Bd. of Tax Comm'rs v. Gatling Gun Club, Inc.,* 420 N.E.2d 1324, 1328 (Ind.Ct. App.1981).

## DISCUSSION

■ The issue is whether the State Board erred in classifying Foundation's ditch as primary land. Foundation contends it provided probative evidence showing the land should have been classified as "unusable undeveloped." The State Board argues Foundation did not present a prima facie case and the assessment should stand. The State Board is incorrect.

For the 1995 general reassessment, land was classified according to its use. *See* IND. ADMIN. CODE tit. 50, r. 2.2–4–1(18) (1996). For example:

> "Primary commercial or industrial land" refers to the primary building or plant site. The following are examples of primary land:
>
> (A) Land located under buildings.
>
> (B) Regularly used parking areas.
>
> (C) Roadways. .
>
> (D) Regularly used yard storage.
>
> (E) **Necessary support land.**
>
> \* \* \* \* \*
>
> "Unusable undeveloped commercial and industrial land" means vacant
>
> land that is unusable for commercial or industrial purposes.
>
> \* \* \* \* \*

*Id.* (emphasis added). *See also* IND. ADMIN. CODE tit. 50, r. 2.2–4–17(b) (stating that "primary" land is "the amount of acreage necessary to support the existing facility and its purposes"). However, "necessary support land" is not defined.

Foundation argues it provided probative evidence showing the land should be reassessed as unusable undeveloped. At the State Board hearing, it introduced the detailed testimony of its tax consultant, Denise Praul. She testified that because of the downward and upward slopes of the ditch and that fact that the ditch was landlocked, it was unusable for any commercial purpose. (Stip. R. at 28.) Praul's testimony was supported by aerial photographs and a plat map depicting the outlay of the ditch, its steep incline/decline and how it was landlocked. (Stip. R. at 39 and 40.) The Court finds that Foundation's evidence is sufficient to establish that the State Board erred in classifying the ditch as primary. The burden then shifted to the State Board to support its findings with substantial evidence. *See Thousand Trails, Inc. v. State Bd. of Tax Comm'rs,* 757 N.E.2d 1072, 1075 (Ind. Tax Ct.2001).

The State Board argues that "necessary support land" is land necessary to "support the facility and its commercial purpose." (Resp't Br. at 4.) *Cf. Osolo,* 789 N.E.2d at 109 (holding that "necessary support land" was that land "absolutely required and essential" to support the *operation* of and the continued functioning as a commercial entity.) The State Board then contends the ditch is necessary support land because it provides drainage, a foundation for the building, and offers the building protection from the street. This contention, however, is insufficient to show how the ditch was necessary to support the facility and its *commercial* purpose. Furthermore, there is no evidence in the record showing that if the ditch were removed, the current use of the primary property would discontinue. *See Id.* Thus, the State Board has not supported its findings with substantial evidence.

## CONCLUSION

For the foregoing reasons, this Court REVERSES the State Board's final determination and REMANDS it to the Indiana Board of Tax Review (Indiana Board)[2] with instructions to reclassify Foundation's ditch as "unusable undeveloped land."

### *ORDER OF THE COURT*

COMES NOW the Petitioner, Community Hospitals Foundation, and files its Motion to Publish this Court's Memorandum Opinion of July 21, 2003.

The Court being fully advised in the premises now finds the Motion to be well taken and the Memorandum Opinion should be published.

It is therefore ORDERED ADJUDGED and DECREED that the Clerk of the Courts direct the July 21, 2003 opinion in this case to be published in the official Court Reporter.

**2.** All cases that would have been remanded to the State Board are now remanded to the Indiana Board of Tax Review (Indiana Board). IND.CODE § 6–1.1–15–8. Final determinations made by the Indiana Board are subject to review by this Court pursuant to the IND.CODE § 6–1.1–15. IND.CODE §§ 6–1.5–5–7; 3–33–5–2.