**K.P. OIL, INC., Petitioner,**

v.

**MADISON TOWNSHIP ASSESSOR, Respondent.**

No. 49T10–0211–TA–130.

Tax Court of Indiana.

Oct. 13, 2004.

Timothy J. Vrana, Sharpnack Bigley LLP, Columbus, IN, Attorney for Petitioner.

Chad T. Lewis, Wilmer E. Goering, Eckert Alcorn Goering & Sage LLP, Madison, IN, Attorneys for Respondent.

FISHER, J.

Petitioner K.P. Oil, Inc. (K.P. Oil) appeals the Indiana Board of Tax Review's (Indiana Board) final determination valuing its real property for the 1997 and 1998 assessment years. Although K.P. Oil raises other issues on appeal, the dispositive issue in this case is whether the Jefferson County Property Tax Assessment Board of Appeals (PTABOA) erred in issuing an interim reassessment on K.P. Oil's property in the absence of any changes to the property.

## FACTS AND PROCEDURAL HISTORY

During the 1997 and 1998 assessment years, K.P. Oil owned a platted parcel of land in Jefferson County, Indiana. The Jefferson County Land Order provides that parcels that are not platted should be priced no higher than $24,750.00 per acre, while commercial/industrial platted lots should be priced no higher than $900.00 per front foot. For the 1995 general reassessment, the Madison Township Assessor (Assessor) assessed K.P. Oil's property at $30,230.00, using the $900.00 per front foot rate.

K.P. Oil appealed the assessment to the Jefferson County Board of Review (BOR) which affirmed the assessment. On June 19, 1996, K.P. Oil filed a Petition for Review of Assessment (Form 131) with the State Board of Tax Commissioners (State Board) contending that the land should

instead be assessed at $24,750.00 per acre. The State Board issued its final determination on December 2, 1998, reversing the BOR. More specifically, the State Board found that the lot was not platted and should therefore be priced no higher than $24,750.00 per acre.[1] The Assessor requested a rehearing with the State Board, which was denied. The Assessor subsequently requested the State Board to reconsider its denial of the request for rehearing. This request was also denied.

On September 8, 1999, the PTABOA[2] reassessed K.P. Oil's parcel at $900.00 per front foot. This interim assessment was issued on the basis that the parcel was actually platted, not unplatted as the State Board had found. K.P. Oil filed a Form 131 on October 5, 1999, challenging the reassessment.[3] On October 9, 2002, the Indiana Board[4] issued a final determination affirming the PTABOA's interim assessment and holding that the State Board's final determination had been in error.

K.P. Oil initiated an original tax appeal on November 15, 2002. This Court heard the parties' oral arguments on October 6, 2003. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■■ ▪ This Court gives great deference to final determinations of the Indiana

1. The record indicates that the parcel is less than 0.2 acres. (*See* Cert. Admin. R. at 6, 93, 145.) Thus, the resulting assessment was $4,330.00.

2. The legislature transferred the authority and duties of the local Boards of Review to their "successors," the local Property Tax Assessment Boards of Appeal. *See* IND CODE ANN. 6–1.1–13–1 (West 2004).

3. K.P. Oil appealed directly to the State Board. (Cert. Admin. R. at 3–4.)

4. The State Board of Tax Commissioners was abolished by the legislature as of December 31, 2001. 2001 Ind. Acts 198 § 119(b)(2). In its stead, the Indiana Board of Tax Review (Indiana Board) was created. IND.CODE §§ 6–1.5–1–3; 6–1.5–4–1 (West Supp.2004); 2001 Ind. Acts 198 § 95. Consequently, when this second final determination was issued on K.P. Oil's appeal, it was issued by the Indiana Board.

Board. *Wittenberg Lutheran Vill. Endowment Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals,* 782 N.E.2d 483, 486 (Ind. Tax Ct.2003), *review denied.* Consequently, the Court will reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE ANN. § 33–26–6–6(e)(1)–(5) (West Supp.2004). The party seeking to overturn the Indiana Board's final determination bears the burden of proving its invalidity. *Osolo Township Assessor v. Elkhart Maple Lane Assocs., L.P.,* 789 N.E.2d 109, 111 (Ind. Tax Ct.2003).

### Discussion

 All real property in Indiana is assessed during a general reassessment. IND.CODE ANN. § 6–1.1–4–4 (West Supp. 2004). Property values assigned in a general reassessment are carried forward from year to year until the next general reassessment. *See Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1259, 1260 n. 3 (Ind. Tax Ct.1998). Nevertheless, assessing officials may reassess real property between general reassessments in order to reflect changes to the property itself or in the use of the property that may increase or decrease the as-

sessment value. *See* IND.CODE ANN. § 6–1.1–4–25 (West Supp.2004); *see also Williams Indus. v. State Bd. of Tax Comm'rs,* 648 N.E.2d 713, 715 (Ind. Tax Ct.1995). When such interim reassessments are made, assessing officials must provide the taxpayer with sufficient notice and an opportunity to rebut any proposed changes. *See* IND.CODE ANN. § 6–1.1–4–22 (West 2004); *see also* IND.CODE ANN. § 6–1.1–4–30 (West 2004). However, when no changes occur to the property to affect its general reassessment value, that value must be carried forward until the next general reassessment. *See Williams Indus.,* 648 N.E.2d at 716.

K.P. Oil contends that the Indiana Board erred in affirming the PTABOA's interim reassessment because there were no changes in the subject property since the 1995 general reassessment. However, the Assessor maintains that there was, in fact, a change to the property that warranted the issuance of the interim reassessment. The Assessor's argument, in effect, is that the property "changed" from an unplatted lot to a platted lot and that the interim reassessment was issued to reflect this change. (*See* Resp't Br. at 8; Oral Argument Tr. at 19.) The Court disagrees.

Jefferson County plat records show that the subject property has been platted since 1958. (*See* Cert. Admin. R. at 16.) As such, it was platted at the time of the 1995 general reassessment and has remained unchanged in that respect. Furthermore, the Assessor has not pointed to any other changes in the property that would warrant the issuance of an interim reassessment. Accordingly, because there have been no changes to the property since the 1995 general reassessment, the value assigned during that assessment should car-

ry forward until the next general reassessment. The Indiana Board therefore erred in affirming the PTABOA's interim reassessment.[5]

## CONCLUSION

For the foregoing reasons, the Indiana Board's 2002 final determination is REVERSED. The Indiana Board shall, on remand, instruct the local assessing officials to reassess the property using the rate of $24,750.00 per acre.

---

5. This may seem a somewhat harsh result because the State Board, by the Indiana Board's own admission, simply made a mistake when it issued its final determination in the first appeal finding that the subject property was unplatted. (*See* Cert. Admin. R. at 59.) The Assessor was prevented from appealing that final determination to this Court because the refund at issue, $5,637.58, did not meet the minimum jurisdictional requirement for an appeal to the Tax Court. *See* Ind.Code Ann. § 6–1.1–15–5(f) (West 1998) (providing that the assessor could appeal if the refund at issue exceeded the lesser of eight hundred thousand dollars ($800,000) or an amount equal to ten percent (10%) of the aggregate tax levies of all taxing units in the county for that year). However, assessors in cases arising after January 1, 2002 will not necessarily be bound in this way. *See* Ind Code Ann. § 6–1.1–15–5(e) (West Supp.2004) (eff. 1–1–02); 2001 Ind. Acts 198 § 45 (providing that an assessor may petition for judicial review regardless of the refund amount in controversy).