**DANA CORPORATION, Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T10–9701–TA–00060.

Tax Court of Indiana.

May 7, 1998.

---

David L. Pippen, Dickinson & Abel, Indianapolis, for Petitioner.

Jeffrey A. Modisett, Attorney General, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

Dana Corporation (Dana) appeals the final determination of the State Board of Tax Commissioners (State Board) assessing its property as of the March 1, 1991 and March 1, 1992 assessment dates. Dana challenged the final determinations via the 130/131 Petition for Review of Assessment process alleging that: 1) the tax, as applied, is unconstitutional, 2) the land classification is incorrect, 3) the grade is incorrect, 4) the obsolescence factor is incorrect, and 5) an influence factor should be applied. (Pet'r Br. at Ex. A). The State Board addressed the five issues at a hearing held November 13, 1995. In its final assessment determination issued on November 22, 1996, the State Board made various changes in the assessment of Dana's property. These included a change in the land

classification and the grade. No changes where allowed on the issues of an influence factor, and the constitutional challenge was not addressed. Unsatisfied with this result, Dana filed an original tax appeal with this Court on January 7, 1997.

On February 3, 1998, Dana moved for summary judgment. Dana contends that *any* property tax assessment made pursuant to the State Board's current regulations are arbitrary, capricious or an abuse of discretion as a matter of law. A hearing on the Motion was held on April 8, 1998. Having heard the arguments of counsel and reviewing their briefs, the Court now DENIES Dana's motion.[1]

## STANDARD OF REVIEW

 The State Board's assessment is presumed correct, and the taxpayer bears the burden of demonstrating that the State Board's final determination is improper. *See Zakutansky v. State Bd. of Tax Comm'rs,* 691 N.E.2d 1365, 1367 (Ind. Tax Ct.1998). This Court has recognized that the State Board must be given a great deal of discretion in carrying out its responsibilities. Consequently, the party challenging an assessment bears the burden of proving that the assessment is unsupported by substantial evidence, constitutes an abuse of discretion, exceeds the State Board's statutory authority, or is arbitrary or capricious. *Vonnegut v. State Bd. of Tax Comm'rs,* 672 N.E.2d 87, 89 (Ind. Tax Ct.1996), *review denied.*

 Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and other matters presented for consideration on the motion reveal that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* IND.TRIAL RULE 56(C); *Bulkmatic Transp. Co. v. Department of State Revenue,* 691 N.E.2d 1371, 1373 (Ind. Tax Ct.1998). Once the moving party establishes that no genuine issue of fact exists, the non-moving party must set forth specific

facts demonstrating that there is a genuine issue in dispute. If the non-moving party fails to meet this burden, summary judgment in favor of the moving party is appropriate. *McIntyre v. Baker,* 660 N.E.2d 348, 349 (Ind. Ct.App.1996); *Porter v. Irvin's Interstate Brick & Block Co.,* 691 N.E.2d 1363, 1364 (Ind.Ct.App.1998).

 The party moving for summary judgment must designate to the court all matters in the record on which it relies for the motion. The non-moving party must also designate to the court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." IND.TRIAL RULE 56(C). All properly asserted facts and reasonable inferences must be construed in favor of the non-moving party, and any doubt as to the existence of a factual issue must be resolved against the moving party. *Cowe v. Forum Group, Inc.* 575 N.E.2d 630, 633 (Ind.1991). In addition, all facts properly designated by the party opposing the motion must be accepted as true. *Shackelford v. Rice,* 659 N.E.2d 1142, 1144 (Ind.Ct.App.1996), *trans. denied.* Where there is no genuine issue of material fact, the Court's task is to apply the law to those facts. *Sangralea Boys Fund v. State Bd. of Tax Comm'rs,* 686 N.E.2d 954, 956 (Ind. Tax Ct.1997), *review denied.*

## DISCUSSION AND ANALYSIS

Dana contends that the State Board's current regulations are so arbitrary and capricious, and provide no ascertainable standards, so as to make any assessment made pursuant to them contrary to law. The State Board counters this argument by noting that Dana's allegations are nothing more than a thinly veiled attempt to have this Court retroactively apply its decision in *Town of St. John v. State Bd. of Tax Comm'rs,* 690 N.E.2d 370 (Ind. Tax Ct.1997). Furthermore, the State Board contends that Dana has not designated facts to this Court indi-

---

1. This case was argued with two other cases: *Safe Way Doors, Inc. v. State Bd. of Tax Comm'rs,* Cause No. 49T10–9701–TA–00026, and *Clark v. State Bd. of Tax Comm'rs,* Cause No. 49T10–9701–TA–00053. Though the specific issues raised at the administrative level differ to some

degree, petitioners in these cases also seek summary judgment on the issue of the lack of ascertainable standards that the State Board's regulations provide. For the reasons stated in this opinion, summary judgment is also denied in those causes.

cating that it is entitled to a summary judgment.

## ASCERTAINABLE STANDARDS REDUX:

## RETROACTIVE APPLICATION OF TOWN OF ST. JOHN

■ In *Town of St. John v. State Board of Tax Commissioners*, this Court limited the application of its holding to future assessments and appeals made on or after May 11, 1999. 691 N.E.2d 1387, 1389–90 (Ind. Tax Ct.1998) (order and judgment entry). Nevertheless, Dana seeks to have its assessment invalidated based on its assertion that the State Board's regulations provide no ascertainable standards. In support of this, Dana designates as evidence Title 6 of the Indiana Code and Title 50 of the Indiana Administrative Code. (Pet'r Br. at 2).

Not surprisingly, the Court agrees with Dana's contentions. Unfortunately for Dana's motion, the Court did so in *Town of St. John*. Part of the holding in that case dealt with the lack of ascertainable standards present in the regulations. *See Town of St. John*, 690 N.E.2d at 383–88. The Court found that the State Board's regulations contain much that is indeed arbitrary and capricious. This being the case, however, does not change the fact that the Court will not allow Dana to prevail with this argument.

The State Board's response to Dana's argument is to cite cases that have recognized the potential problems of allowing judgments to be applied retroactively.[2] It also rehashes some of this Court's reasoning in the *Town of St. John* judgment entry. The Court finds this logic no less convincing than it did when it originally entered its judgment in the *Town of St. John* case. *See also* S.R. Shapiro, Annotation, *Prospective or Retroactive Operation of Overruling Decision*, 10 A.L.R.3D 1371 (1966). The Court will not take this as an opportunity to reconsider its

order in that case. Therefore, on the issue of a lack of ascertainable standards in the current regulations, summary judgment is DENIED.

In passing on this issue, it should be noted what the *Town of St. John* holding *does not* mean. The Court's holding simply prevents a taxpayer from being heard in this Court when he alleges that the current system is unconstitutional on its face. The Court's holding does not insulate assessments from constitutional challenges—it merely prevents a taxpayer from strolling into Court, stating that the current system is unconstitutional, and obtaining a reversal of the taxpayer's property tax assessment. In other words, this Court will not entertain facial challenges to a property tax assessment; it will, however, hear as applied challenges just as it always has done. *See, e.g., Indianapolis Historic Partners v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1224 (Ind. Tax Ct.1998); *Zakutansky*, 691 N.E.2d at 1368–69. *See also Town of St. John*, 690 N.E.2d at 383 n. 30. But in order for such a challenge to succeed, a taxpayer will have to present specific evidence an assessment is unconstitutional *as applied to him*. This is precisely the type of challenge that Dana *has not* attempted in this motion for summary judgment.

## DESIGNATION OF FACTS?

■ The Court now turns to the disposition of Dana's motion for summary judgment as it relates to the specific issues of this case (proper land classification, grade, obsolescence, and influence factor). To obtain summary judgment, "[t]he moving party first must establish that no genuine issue of material fact exists." *Scott Oil Co. v. Indiana Dep't of State Revenue*, 584 N.E.2d 1127, 1128 (Ind. Tax Ct.1992) (citing *State v. American Motorists Ins. Co.*, 463 N.E.2d 1142, 1145–46 (Ind.Ct.App.1984)). The only facts

---

**2.** These cases include *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), *State ex rel. Mass Transp. Authority v. Indiana Revenue Bd.*, 144 Ind.App. 63, 242 N.E.2d 642 (1968), *trans. denied*, and *Swank v. Tyndall*, 226 Ind. 204, 78 N.E.2d 535 (1948).

It must be noted that *Chevron Oil* has not only been disapproved of by subsequent cases, *see Harper v. Virginia Dep't of Taxation*, 509 U.S. 86,

113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); *Town of St. John v. State Bd. of Tax Comm'rs*, 665 N.E.2d 965, 975 n. 12 (Ind. Tax Ct.1996) (noting the *Harper* disapproval), but it has also been recognized as overruled. *See Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 115 S.Ct. 1745, 131 L.Ed.2d 820 (1995); *In re Federated Dept. Stores, Inc.*, 44 F.3d 1310 (6th Cir.1995).

designated on these issues were Dana's original Petition to this Court, which contained copies of the State Board's final determination (Pet'r Br. at Ex. A), and the State Board's answers and affirmative defense (Pet'r Br. at Ex. B).

The forum of summary judgment is appropriate neither to resolve factual disputes nor to resolve conflicting inferences arising from undisputed facts. *C & C Oil Co. v. Indiana Dep't of State Revenue*, 570 N.E.2d 1376, 1378 (Ind. Tax Ct.1991). Dana's motion as it relates to the land classification, grade, obsolescence, and the proper influence factor to be applied is made up of nothing more than allegations. Allegations unsupported by evidence remain mere allegations. *Herb v. State Bd. Of Tax Comm'rs*, 656 N.E.2d 890, 893 (Ind. Tax Ct.1995).

The Court cannot determine from the record before it whether the State Board erred in its final determinations pertaining to these specific issues. This is because the Court has not had the opportunity to recreate and properly review the administrative record via a trial in this case. Since Dana has the burden of proof, it must present evidence supporting its allegations. Dana has presented no such evidence; therefore, Dana has not established that it is entitled to the requested relief. Because issues of fact exist, the Court DENIES Dana's motion summary judgment.

### CONCLUSION

For the reasons stated above and because genuine issues of material fact exist in this matter, the Court DENIES summary judgment.