Gerald and Joan BERNACCHI,
Petitioners,

v.

STATE BOARD OF TAX
COMMISSIONERS,
Respondent.

No. 49T10–9804–TA–31.

Tax Court of Indiana.

March 29, 2000.

Publication Ordered May 1, 2000.

David L. Pippen, Indianapolis, IN, Attorney for Petitioner.

Karen M. Freeman–Wilson, Attorney General of Indiana, Vincent Mirkov, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Petitioners Gerald and Joan Bernacchi (collectively Bernacchi) appeal the final determination of the State Board of Tax Commissioners (State Board) denying their request to lower the assessed value of their residence for the 1995 assessment year. In this original tax appeal, Bernacchi presents the following three issues for the Court's review:

I. Whether the State Board exceeded its legislative authority in conducting a hearing in this matter without having issued a letter of appointment to its hearing officer;

II. Whether the State Board improperly assigned Bernacchi's residence a B plus two grade; and

III. Whether the State Board's regulations, as applied to the assessment of Bernacchi's property, produced an inequitable and unjust assessment in viola-

tion of the Indiana Constitution, art. X, § 1.[1]

## FACTS AND PROCEDURAL HISTORY

Bernacchi owns residential real estate—parcel number 04–06–33–301–012 (Parcel 12)—in LaPorte, Indiana. On or about June 6, 1996, Bernacchi filed a Form 131 RP petition for review of assessment with the State Board, alleging improper grade and neighborhood rating.[2] The State Board conducted a hearing on the petition on December 16, 1996. On February 18, 1998, the State Board issued its final determination, making no changes to the assessed value of Parcel 12.

Bernacchi filed an original tax appeal with this Court on April 6, 1998. The Court conducted a trial in this matter on December 7, 1998. Oral argument was heard on June 3, 1999. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ The Court gives great deference to the State Board's final determinations when the State Board acts within the scope of its authority. *See Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). Accordingly, this Court reverses final determinations of the State Board only when those decisions are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *See id.* The

taxpayer bears the burden of demonstrating the invalidity of the State Board's final determination. *See Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998).

### Discussion

The Court will consider each of Bernacchi's issues in turn.

#### I. *Hearing Officer's Appointment*

■ Bernacchi asserts that the State Board issued no written order appointing its hearing officer in this matter, Ms. Ellen Yuhan (Yuhan), and that Yuhan never received a prescription of duties. Therefore, according to Bernacchi, the State Board's actions exceeded its legislative authority. However, there is no evidence in the record that Bernacchi objected to Yuhan's authority at the administrative level, either at the hearing or during the physical inspection of the subject property, to hear Bernacchi's appeal on behalf of the State Board. Bernacchi's silence at the administrative level on this issue constituted consent to the hearing. *See Hoogenboom–Nofziger v. State Bd. of Tax Comm'rs*, 715 N.E.2d 1018, 1022 (Ind. Tax Ct.1999). Thus, Bernacchi waived the issue and may not now raise it for the first time in this original tax appeal. *See id.*

#### II. *Grade*

■ Bernacchi challenges the B plus two grade assigned the Parcel 12 residence. Bernacchi basically asserts that the State Board's final determination on the issue of grade is not supported by

---

1. Bernacchi raises two additional issues not considered by the Court: (1) whether the State Board's property assessment system, on its face, violates the Indiana Constitution; and (2) whether the State Board's final determination was supported by sufficient findings of fact. As to the issue of constitutionality, the fact that the subject improvement was assigned a grade under an unconstitutional regulation does not mean that the assessment will be invalidated on that basis. *See Whitley Prods., Inc. v. State Bd. of Tax Comm'rs*, 704 N.E.2d 1113, 1121 (Ind. Tax Ct.1998) (citations omitted), *review denied.* "Real property

must still be assessed, and, until the new regulations are in place, must be assessed under the present system." *Id.* Furthermore, because of the Court's resolutions of the remaining issues, the Court need not consider whether the State Board supported its final determination with sufficient findings.

2. Bernacchi does not raise the issue of improper neighborhood rating in this original tax appeal. Thus, the Court will not consider it.

substantial evidence. When contesting the grade assigned an improvement, a taxpayer must offer probative evidence concerning the alleged assessment error. *See Herb v. State Bd. of Tax Comm'rs*, 656 N.E.2d 890, 894 (Ind. Tax Ct.1995); *Whitley Prods.*, 704 N.E.2d at 1119; *see also CDI, Inc. v. State Bd. of Tax Comm'rs*, 725 N.E.2d 1015, 1018–21 (Ind. Tax Ct.2000) (discussing need for probative evidence in context of grade and kit building adjustments). A taxpayer's conclusory statements do not constitute probative evidence concerning the grading of the subject improvement. *See Whitley Prods.*, 704 N.E.2d at 1119. Mere references to photographs or regulations, without explanation, do not qualify as probative evidence. *See Heart City Chrysler v. State Bd. of Tax Comm'rs*, 714 N.E.2d 329, 333 (Ind. Tax Ct.1999). Furthermore, State Board hearing officers are not obligated to make a case for the taxpayer. *See Whitley Prods.*, 704 N.E.2d at 1118. Where the taxpayer fails to submit probative evidence supporting his position on the issue of grade, the State Board's duty to support its final determination with substantial evidence is not triggered. *See id.* at 1119–20.

■ The following evidence was presented at the administrative hearing: (1) property record card; (2) grade specification table from Rule 7, Page 12 of Regulation 17; (3) representative grade photographs from the Indiana Real Property Assessment Manual, *see* IND. ADMIN. CODE tit. 50, r. 2.2–7–10 (Supp.1995); and (4) photographs of the subject property. (Joint Exs. 1, 4–5.) The grade specification table contained checks by descriptions in the A, B and C grade columns of the table. (Joint Ex. 4.) Two audiotapes were also provided to the Court; they were recordings of Bernacchi's administrative hearing and a related hearing held by the State Board on the same day. (Joint

Exs. 3A & 3B.) A copy of the State Board's transcript of proceedings was also admitted into evidence. (Joint Ex. 2.)

Yuhan testified at trial. She conducted a physical inspection of the subject property. (Trial Tr. at 12.) Her opinions regarding the assessment of Parcel 12 were based upon both the evidence presented at trial and information gathered during the physical inspection of the property. (Trial Tr. at 12.) In assessing the subject property, Yuhan reviewed and considered the grade specification table submitted by Bernacchi. (Trial Tr. at 28–35.) Yuhan applied Regulation 17 in making her determinations. (Trial Tr. at 23.)

Mr. Stephen M. Hay (Hay) also testified at trial. Hay was a consultant for Landmark Appraisals, Inc., the company representing Bernacchi before the State Board. (Trial Tr. at 36, 52.) Hay sought a grade of B minus two for the Parcel 12 residence. (Trial Tr. at 53.) He had not attended Yuhan's physical inspection of the subject property.[3] (Trial Tr. at 50, 57.)

According to Yuhan, Hay gave her the grade specification table, with the check marks on it, and gave her photographs of the residence. (Trial Tr. at 54.) However, Hay identified no specific error regarding the grade of the residence. (Trial Tr. at 53–54.) Until the trial in this matter, He offered no explanation as to the relevance of any item on the grade specification table. (Trial Tr. at 29–30, 47–50, 54.)

Bernacchi did not submit probative evidence on the issue of grade to the State Board. As Bernacchi's representative, Hay presented Yuhan with no evidentiary foundation for applying a B minus two grade to the residence. Without further explanation provided to the State Board at the time of the administrative hearing, the photographs of the residence and the check marked grade specification table were merely conclusory statements. Con-

---

**3.** A review of Yuhan's testimony indicates that the taxpayer was present at the property's physical inspection. (Trial Tr. at 64; Oral Argument Tr. at 8.) However, the record does not reflect that the taxpayer provided Yuhan with any probative evidence as to grade at the inspection.

clusory statements do not qualify as probative evidence, and Yuhan had no duty to develop the case for Bernacchi. With no probative evidence presented, Gerald and Joan Bernacchi fell short of meeting their burden of production. Thus, the State Board's duty to substantiate its final determination on the issue of grade was never triggered. Accordingly, Bernacchi's challenge to the assigned grade fails.

### III. *Uniformity of Assessments*

Bernacchi alleges that the State Board ignored evidence demonstrating a lack of uniformity in the assessments of residential properties in LaPorte. As evidence, Bernacchi submitted to the State Board a sales ratio study (Study) developed by Hay. (Pet'r Ex. 1; Trial Tr. at 13, 37.) The Study purportedly shows that newer homes in LaPorte are assessed on average 57.5% higher than older homes. (Pet'r Ex. 1.) Bernacchi essentially contends that the State Board's regulations, as applied, violate Article X, Section 1 of the Indiana Constitution, which provides in part: "The General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal."

To rectify this alleged discrepancy in assessments, the Study asserts that "the assessments of the six [newer] homes which have been appealed require[ ] a downward adjustment of 36.5%." (Pet'r Ex. 1.) *See also* (Trial Tr. at 40.) At the administrative hearing, Hay requested that the State Board award the Parcel 12 residence a twenty percent obsolescence depreciation adjustment. (Joint Ex. 3A; Trial Tr. at 15.) The State Board refused to grant Bernacchi an obsolescence adjustment. In its final determination, the State Board reached the following conclusion:

> After reviewing 50 IAC 2.2–7–9, it is determined [that] obsolescence depreciation is seldom applied to residential dwellings. There must be an extremely abnormal circumstance involved with a

residential dwelling before obsolescence depreciation applies. Furthermore, the State of Indiana uses the Cost Approach method for assessing improvements rather than the Market Approach, so a ratio based on the Market Approach can not be addressed. No change in assessment is made as a result of this issue.

(Joint Ex. 2 at 15.)

 The Court will not entertain facial challenges to the State Board's regulations. *See Dana Corp. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1244, 1247 (Ind. Tax Ct.1998). However, the Court does consider as applied challenges. *See id.* In order for such a challenge to succeed, a taxpayer must present specific evidence that an assessment is unconstitutional as applied to him. *See id.*

### A. *Obsolescence Adjustment*

 As noted *supra*, Bernacchi requested a twenty percent obsolescence adjustment for the Parcel 12 residence. According to the State Board's regulations, "Obsolescence depreciation is seldom applied to residential dwellings. There must be an extremely abnormal circumstance involved with a residential dwelling before obsolescence depreciation applies." IND. ADMIN. CODE tit. 50, r. 2.2–7–9(d) (1996). To obtain an obsolescence adjustment, Bernacchi had a burden to produce evidence showing that the Parcel 12 residence suffered from an extremely abnormal circumstance. *See Kemp v. State Bd. of Tax Comm'rs*, 726 N.E.2d 395, 402 (Ind. Tax Ct.2000).

 Bernacchi provided no such evidence. At trial, the following exchange took place between Yuhan and Counsel for the State Board:

Q. Did the petitioner identify any extremely abnormal circumstance justifying the application of obsolescence depreciation?

A. No . . . .

* * *

Q. Did you find any extremely abnormal circumstance justifying the application of obsolescence depre[ciation] to this property?

A. No, none.

* * *

Q. Was there any basis for obsolescence shown to you [at the administrative hearing]?

A. No.

(Trial Tr. at 58–59.) Hay offered no testimony of an extremely abnormal circumstance involving the Parcel 12 residence. Therefore, the State Board correctly denied Bernacchi an obsolescence adjustment for the residence.

### B. *Sales Ratio Study*

 That the Parcel 12 residence did not qualify for an obsolescence adjustment does not mean that Bernacchi's constitutional claim fails. The obsolescence adjustment was merely a proposed remedy to an alleged unconstitutional inequity. Thus, the Court must ascertain whether Bernacchi offered specific evidence showing that the State Board's regulations, as applied to the assessment in question, were unconstitutional.

As evidence of assessment inequities, Bernacchi offered the Study into evidence as Petitioner's Exhibit 1. This was the same Study considered by the Court in *Kemp*, 726 N.E.2d at 403–04. At oral argument, Counsel for Bernacchi explained that the Study measures deviations from a standard. (Oral Argument Tr. at 26.) According to Counsel, market data provides the only available or recognized standard of measurement for assessments. (Oral Argument Tr. at 27.) Counsel contends that the Study shows deviations from this standard, and the resulting deviations demonstrate the disparate treatment in assessments between older and newer homes in LaPorte. (Oral Argument Tr. at 26–27.)

Counsel's argument is not probative evidence. While argument of Counsel in briefs and during oral argument, *inter alia*, explains how evidence fits together and supports the taxpayer's position, an evidentiary basis for Counsel's argument must still be provided. Here, all Counsel did was present the Study and then make the unsupported conclusion as to what the Study shows. *See CDI*, 725 N.E.2d at 1021–23 nn.7 & 8 (discussing probative evidence in context of witness' conclusory statements and noting that Counsel's questions as to definitions and methodology of assessment do not constitute probative evidence).

For the same reasons explained in *Kemp*, 726 N.E.2d at 403–04, Bernacchi has not persuaded the Court that the Study validly demonstrates the alleged inequity of assessments made under Indiana's property taxation system. Therefore, the State Board did not abuse its discretion in refusing to consider the Study.[4] The Study was the only evidence supporting Bernacchi's constitutional challenge. Without it, there was no specific evidence showing that the State Board's regulations, as applied, violated Bernacchi's rights to a uniform and equal assessment under the Indiana Constitution. Therefore, Bernacchi's claim fails.

### CONCLUSION

For the aforementioned reasons, the Court hereby AFFIRMS the State Board's final determination in this matter.

### ORDER OF PUBLICATION

Respondent, State Board of Tax Commissioners, by counsel, files its Verified Motion For Publication Of Memorandum Opinion.

The Court, having considered same and being duly advised in the premises, now

---

4. The State Board was not permitted to consider the copy of page thirteen from the "Report of the Indiana Fair Market Value Study" submitted as part of the Study. *See Kemp*, 726 N.E.2d at 404 n.11 (citing Ind. P.L. No. 63–1993).

finds said motion should be GRANTED and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. Respondent's "Verified Motion For Publication Of Memorandum Decision" is granted and this Court's opinion heretofore handed down in this cause on March 29, 2000, marked "Not For Publication" is now ordered published.