**COOKE CHEVROLET COMPANY, INC. and Its Successors–In–Interest, Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

**No. 82T10–9702–TA–126.**

Tax Court of Indiana.

Oct. 2, 2001.

David G. Harris, Fricke Powel Whinrey Cravens & Schmitt, LLP, Evansville, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Linda Villegas, Deputy Attorney General, Indianapolis, IN, Attorneys for the Respondent.

FISHER, J.

Petitioner Cooke Chevrolet (Cooke) appeals the final determination of the State Board of Tax Commissioners (State Board) assessing its property as of March 1, 1991. The State Board's Motion for Summary Judgment raises one issue, which the Court restates as follows: whether the State Board acted arbitrarily and capriciously when it refused to consider the merits of the Knight Township Assessor's (Township Assessor's) 131 Petition.

For the reasons stated below, the Court DENIES the State Board's Motion for Summary Judgment, REVERSES the State Board's final determination, and REMANDS this case to the State Board to make a final determination on the merits of the Township Assessor's 131 Petition.

## FACTS AND PROCEDURAL HISTORY

The facts of this case are undisputed. Cooke is a car dealership that owned commercial real land and improvements in Vanderburgh County, Indiana. On August 16, 1991, the Township Assessor issued a Form 11 notice on Cooke's property, valuing the land at $29,970 and the improvements at $84,730. On October 3, 1991, the Vanderburgh County Assessor (County Assessor) filed a 130 Petition with the Vanderburgh Board of Review (BOR), claiming that the township's assessment was too high. (Resp't Ex. 1.) The BOR subsequently reduced Cooke's assessment as follows: the land to $17,970 and the improvements to $72,070. The Township Assessor then filed a Form 131 Petition with the State Board on November 21, 1991. (Resp't Ex. 1.)

On July 15, 1992, the State Board held a hearing on the Township Assessor's 131 Petition. In its final determination, the State Board held that only Cooke—not the County Assessor—was authorized to file a 130 Petition with the BOR challenging its assessment. The State Board concluded that because the County Assessor's 130 Petition was not properly before the BOR, the Township Assessor's 131 Petition was

not properly before the State Board. Accordingly, the State Board returned Cooke's assessment to the initial assessment by the Township Assessor.

On January 27, 1997, Cooke commenced an original tax appeal. The State Board subsequently filed a motion for summary judgment. This Court heard oral arguments on August 14, 1997. Additional facts will be supplied when necessary.

## ANALYSIS AND OPINION

### Standard of Review

This Court gives great deference to the final determinations of the State Board when it acts within the scope of its authority. Accordingly, this Court reverses final determinations of the State Board only when they are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or are otherwise unlawful. *Wetzel Enterprises, Inc. v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All properly asserted facts and reasonable inferences must be construed in favor of the non-moving party, and any doubt as to the existence of a factual issue must be resolved against the moving party. *Dana Corp. v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1244, 1246 (Ind. Tax Ct.1998). Once the moving party establishes that no genuine issue of fact exists, the non-moving party must set forth specific facts demonstrating that there is a genuine issue in dispute. If the non-moving party fails to meet this burden, summary judgment in favor of the moving party is appropriate. *Id.*

### Discussion

The sole issue before the Court is whether the State Board acted arbitrarily and capriciously when it refused to consider the merits of the Township Assessor's 131 Petition. The State Board argues that only taxpayers are allowed to file an appeal to the county board by way of a Form 130 Petition, and thus the County Assessor's 130 Petition was void, as was any BOR action taken pursuant to the petition. (Resp't Br. at 1–2.) Cooke, on the other hand, argues that the BOR had discretion to review any assessment of any taxpayer within the county regardless whether the County Assessor filed a 130 Petition. (Pet'r Br. at 5 (citing INDIANA ADMINISTRATIVE CODE tit. 50, r. 4.2–3–2 (1992)).) Consequently, Cooke argues that the BOR's reduction of the Township Assessor's assessment was valid and should therefore stand until the merit of the Township Assessor's 131 Petition is determined.

The Indiana legislature has mandated that the BOR shall, on its own motion or on sufficient cause shown by *any person,* reduce or increase the assessed value of any tangible property in order to attain a just and equal basis of assessment between the taxpayers of the county. IND. CODE § 6–1.1–13–5 (1993) (emphasis added). The issue in the instant case has already been discussed in *Wetzel,* where the Court said:

> The fact that [the County Assessor] initially brought [the taxpayer's] assessment to the BOR's attention does not necessarily void the BOR's action. The legislature included the language any person in section 6–1.1–13–5. The inclusion of this language by the legislature makes clear that an assessment brought to the BOR's attention by anyone, whether the person is a member of the BOR or not, may be reviewed by the BOR as long as it is acting pursuant to the applicable time and notice requirements. Section 6–1.1–13–5 does not in-

dicate the manner in which a person should notify the BOR of concerns regarding an assessment. The State Board has created several forms to be used when petitioning for a review of an assessment. In the present case, [the County Assessor] chose to use one of these forms to draw [the taxpayer's] assessment to the attention of the BOR. Although the parties did not argue the issue, it seems logical that one method that could be used (by any person) to bring an assessment to the BOR's attention is the filing of a form that was drafted and adopted by the State Board. *Wetzel,* 694 N.E.2d at 1261 n. 5 (citations deleted). In light of *Wetzel,* the Court holds that the County Assessor could bring Cooke's assessment to the attention of the BOR by filing a 130 Petition; therefore, the BOR's final determination is not void.[1] *See id.* Thus, the State Board acted arbitrarily and capriciously when it refused to consider the merits of the Township Assessor's 131 Petition.[2]

### CONCLUSION

For the forgoing reasons, the Court DENIES the State Board's motion for summary judgment, REVERSES the State Board's final determination, and REMANDS this case to the State Board to make a final determination on the merits of the Township Assessor's 131 Petition.

---

1. The Court notes that Cooke chose not to appeal the BOR's final determination. If Cooke believed that the filing of the 130 Petition by the County Assessor was irregular, it waived any claim of procedural defects—as is its prerogative. *See Wetzel,* 694 N.E.2d at 1261 n. 5.

2. The State Board argues that it merely was trying to comply with this Court's holding in *Lakeview Country Club, Inc. v. State Bd. of Tax Comm'rs,* 565 N.E.2d 392 (Ind. Tax Ct.1991). In *Lakeview,* this Court held that under Indiana Code § 6–1.1–15–4, the State Board can review valid assessments only pursuant to a 131 Petition. *Lakeview,* 565 N.E.2d. at 395. Because the BOR's assessment in the instant case is valid, however, the State Board has misapplied *Lakeview.*