# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-1199

STEPHEN M. HAY, WAWASEE AIRPORT,
INCORPORATED, SUZANNE BISHOP, and
MICHAEL UMBAUGH,

*Plaintiffs-Appellants*,

*v.*

INDIANA STATE BOARD OF TAX COMMISSIONERS,
JON LARAMORE, Chairman of the Indiana State Board
of Tax Commissioners, GORDON E. MCINTYRE,
member of the Indiana State Board of Tax
Commissioners, and LISA ACOBERT, member of the
Indiana State Board of Tax Commissioners,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 01 C 583—**Allen Sharp**, *Judge.*

ARGUED SEPTEMBER 25, 2002—DECIDED DECEMBER 6, 2002

Before BAUER, ROVNER, and WILLIAMS, *Circuit Judges.*

ROVNER, *Circuit Judge.* Plaintiffs-Appellants, Stephen M.
Hay, Wawasee Airport, Inc., Suzanne Bishop and Michael
Umbaugh ("landowners") object to the manner in which
their real properties have been assessed for Indiana State
property tax purposes. Consequently, they filed a complaint

against the Indiana State Board of Tax Commissioners,
Jon Laramore, as Chairman of the State Board, and
Gordon McIntyre and Lisa Acobert, members of the State
Board (collectively "State Board").[1]

The complaint alleges that the method used to assess
the landowners' real property violates their due process
rights under the Fifth and Fourteenth Amendments. The
State Board filed a Motion to Dismiss the
landowners' complaint for lack of jurisdiction. The District
Court granted the motion to dismiss and the landowners
appeal. We affirm.

## I.

Indiana's real property tax assessment methods have
been plagued with problems and subject to extensive
state court litigation. *See, e.g., State Bd. of Tax Comm'rs
v. Town of St. John*, 702 N.E.2d 1034 (Ind. 1998). As a
result of this litigation, the State Board issued new as-
sessment regulations which became effective May 23, 2001.
The plaintiffs in this case are all taxpayers in Indiana
who contend that the State Board violated their constitu-
tional rights under the Fifth and Fourteenth Amend-
ments to the United States Constitution by continuing
to use superceded tax assessment methods that the state
court has declared to be infirm. The landowners filed a
complaint in federal court challenging the assessments
made using this former, flawed system. The State Board
countered with a motion to dismiss for lack of subject mat-

---

[1] The Indiana Legislature abolished the Indiana State Board of
Tax Commissioners as of December 31, 2001, and created in its
stead the Department of Local Government Finance ("DLGF").
Jon Laramore is the Commissioner of the new DLGF. Lisa
Acobert is the Deputy Commissioner. Gordon McIntyre retired
from public service before the State Board was abolished. The
DLGF has no equivalent position to the one McIntyre held.

ter jurisdiction, claiming that the Federal Tax Injunction Act prohibits the district court from hearing challenges to state tax law regulations where the state law provides an effective remedy for such challenges. The landowners argue, however, that their claim is not barred by the Tax Injunction Act as they have no effective remedy for their complaint within the state court system. Their response to the motion to dismiss hinges on their contention that the district court must accept as true, without looking beyond the allegations of the complaint, their allegation that they have no plain, speedy and effective remedy in the state court system.

Reviewing the district court's dismissal for lack of subject matter jurisdiction *de novo* (*see CCC Info. Servs., Inc. v. American Salvage Pool Assoc.*, 230 F.3d 342, 345-46 (7th Cir. 2000)), we find that the Tax Injunction Act does indeed bar the landowners from pursuing a claim in federal court.

## II.

Unlike the state courts of Indiana, the federal district courts are courts of limited jurisdiction. Before entertaining any claim, a federal district court must assure itself that it has jurisdiction to hear the matter presented to it. The Tax Injunction Act is one particular statute that limits the jurisdiction of federal district courts. It provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. The Supreme Court has explained that "[t]he statute has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981) (internal

citations omitted). Consequently, a federal district court must abstain from involving itself in questions regarding the collection of state taxes provided that state law provides a "plain, speedy and efficient remedy" for challenges to the state tax law. *See* 28 U.S.C. § 1341.

The landowners urged the district court to read their complaint liberally and accept as true the well-pleaded allegations of the complaint. In particular, they contend that the court should accept the allegation that the landowners have no plain, speedy or effective remedy in the state courts. The landowners assert that unless the defendant proffers evidence to call the court's jurisdiction into question, the court cannot look beyond the four corners of the complaint. Of course if, as the landowners claim, we have no choice but to accept the lack of adequate remedy allegation on its face without more, the Tax Injunction Act would not apply and the plaintiffs would be free (at least for the time being) to pursue their claim in federal court. It would be a simple route to the federal courts not only for the landowners, but for all plaintiffs challenging state tax regulations. Under the landowners' scenario, a plaintiff could simply allege the lack of a plain, speedy and efficient remedy in the state courts and the doors to the federal courts would spring open. But as we detail below, there is no such magic key to federal jurisdiction, and the federal courts cannot blindly accept a plaintiff's claim that jurisdiction exists.

Jurisdiction is the "power to declare law," and without it the federal courts cannot proceed. *Ruhrgas v. Marathon Oil Co.,* 526 U.S. 574, 577, 583 (1999). Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must. *Id.*; *United States v. Smith*, 992 F.2d 98, 99 (7th Cir. 1993). The landowners cite portions of *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679 (7th Cir. 1998), which allude to the fact that a court *may* look beyond

the allegations of a complaint "once a defendant proffers evidence that calls the court's jurisdiction into question." *Id.* at 685. The landowners would like us to conclude that the contrapositive of this proposition is also true—that the court *cannot* look beyond the allegations of the complaint when the defendant has *not proffered* evidence that calls the court's jurisdiction into question. This is not what *Commodity Trend* or its progeny say, however. *See Commodity Trend Serv., Inc.*, 149 F.3d at 685 ("On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the court is not bound to accept the truth of the allegations in the complaint. Rather, the plaintiff has the obligation to establish jurisdiction by competent proof, and the court may properly look to evidence beyond the pleadings in this inquiry."). *See also Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000) (same). Given the court's responsibility to police jurisdiction *sua sponte*, Wright and Miller assert that it is "not appropriate" for a court to evaluate a Rule 12(b)(1) motion by accepting all allegations as true. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 149 (2d ed. Supp. 2002). "Accordingly, upon a challenge to the court's jurisdiction by a party, the court should conduct a careful inquiry and make a conclusive determination whether it has subject matter jurisdiction or not. . . ." *Id.*[2] We conclude that the district court had not only the right, but the duty to look beyond

---

[2]  The landowners are correct when they note the difference between a facial and factual attack on jurisdiction. Only in the latter case does the court look beyond the allegations of the complaint. *Capitol Leasing Co. v. Federal Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993). The State Board, however, has challenged the factual basis for jurisdiction (i.e., whether there is plain, speedy and efficient remedy) and thus the court may look into any evidence that calls jurisdiction into doubt. *Commodity Trend Servs., Inc.*, 149 F.3d at 685.

the allegations of the complaint to determine that it had jurisdiction to hear the landowners' claim.

Having concluded that the federal courts properly may look beyond the factual allegations of the complaint, we now do so to determine whether in fact the district court had jurisdiction to consider the landowners' claim. The Tax Injunction Act divests the district court of jurisdiction if the state courts provide a "plain, speedy and efficient remedy" for a taxpayer's claim. 28 U.S.C. § 1341. The landowners assert that they have no plain, speedy and efficient remedy in the state courts. They allege several reasons why this is so, most of which can be boiled down to the following two allegations: first, the state court refuses to hear facial challenges to the old regulations, and second, although finding that the state tax assessment regulations violated the state constitution, the state courts have allowed only prospective relief.[3]

Although the landowners claim that the remedy provided by Indiana is not adequate, the Supreme Court

---

[3] Without making any legal argument, the landowners' brief lists eight allegations from their complaint to support their claim that they have no "plain, speedy and efficient" remedy in state court. Most of these allegations are simply subsets of their complaints regarding the inability to launch facial attacks and the lack of a retroactive remedy. The landowners provide no legal argument for any of their claims, apparently preferring to rest on their theory that the district court must simply accept each of the allegations as true. Unfortunately for the landowners, we have concluded that we need not accept each of the allegations as true, and the bare assertions of the complaint do not constitute argument and thus do not preserve those claims for appellate review. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Nevertheless, we have evaluated the landowners' claims regarding facial challenges and prospective relief as part of our duty to determine, on our own, whether the district court had jurisdiction to consider the landowners' claims.

has set forth minimal procedural requirements for adequacy, demanding only a "full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax." *Rosewell*, 450 U.S. at 512-15. The district court must look at the totality of all of the remedies available to a taxpayer to determine whether or not taxpayers have the opportunity to raise constitutional challenges. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1245 (11th Cir. 1991).

Under Indiana law, a taxpayer can seek review of a property tax assessment by the County Property Tax Assessment Board of Appeals (Ind. Code 6-1.1-15-1) and can appeal any finding to the Indiana Board of Tax Review (Ind. Code § 6-1.1-15-3). If a taxpayer remains unsatisfied after these administrative review processes, she may seek judicial review with the Indiana Tax Court. Ind. Code § 6-1.1-15-5. From there, all appeals go to the Indiana Supreme Court, and then, of course, a party may petition the United States Supreme Court for certiorari. In addition to the direct challenge, the state statute also provides a procedure for taxpayers to receive a refund for property taxes assessed and paid that are later found to be illegal as a matter of law. Ind. Code § 6-1.1-26-1.

Viewing these statutory mechanisms in light of the requirements of *Rosewell*, we conclude that Indiana provides a plain, speedy and efficient remedy for those who wish to contest their real property tax assessment. Indeed, we have come to the same conclusion twice before based on an examination of now-repealed, but substantially similar state court review mechanisms. *See Miller v. Bauer*, 517 F.2d 27 (7th Cir. 1975); *Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172 (7th Cir. 1978). In *Miller*, the Court noted that a taxpayer could appeal the assessment to the County Board of Review, then to the State Board, a county circuit court, to the Indiana Supreme Court, and finally to the United States Supreme Court.

*Id.* at 32. Similarly, in *Sacks*, the court noted that review was available first by the County Board of Review, then by the State Board of Tax Commissioners, followed by review in the state courts. *Id.* at 174-75. The *Sacks* court also noted that taxpayers could take an alternate course and seek a refund after paying the taxes by demonstrating that the taxes were, as a matter of law, illegal. *Id.* at 175. Although the specifics of the tax assessment statutes have been revised, these same remedies are available to the taxpayers in the instant case.

Despite the availability of these remedies, the taxpayers complain that the remedy is insufficient because the Indiana Tax Court will no longer accept facial constitutional challenges to the former State Board regulations. The Indiana Supreme Court has already declared that the cost schedules at issue violate the Property Taxation Clause of the Indiana Constitution because they lack ascertainable standards. *Town of St. John*, 702 N.E.2d at 1043. The Indiana Tax Court has decided not to accept further facial challenges to these provisions in order to prevent taxpayers from going into court, stating that the former system is facially unconstitutional due to a lack of ascertainable standards (as the court has already found) and thereby obtaining an assured reversal of the taxpayer's property assessment. *Dana Corp. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1244, 1247 (Ind. Tax Ct. 1998). This rule makes sense. Without it, every taxpayer could file a facial challenge in the Indiana Tax Court, obtain a declaration that the former assessment system was unconstitutional, and walk away with a reversal of the challenged tax assessment. The refusal to hear facial challenges, however, does not bar taxpayers from launching constitutional challenges to their property assessments. The tax courts in Indiana have heard and will continue to hear "as applied" challenges to property tax assessments made under the old system. *Id.* at 1247; *see*

*also Bishop v. State Bd. of Tax Comm'rs*, 743 N.E.2d 810, 813 (Ind. Tax Ct. 2001). As long as a taxpayer can present specific evidence that an assessment is unconstitutional as applied to her, she can obtain a reversal of her property tax assessment. *Dana Corp.*, 694 N.E.2d at 1247. There is no evidence in the record that any of the plaintiffs have been prohibited from bringing an "as applied" challenge in the state court system, and thus the state court remedies are not inadequate in this manner.

Nor do we find the state court remedies deficient because the Indiana Tax Court will apply the new regulations prospectively only. *See Lawyer v. Hilton Head Pub. Serv. Dist. No. 1*, 220 F.3d 298, 305 (4th Cir. 2000) (finding, in a similar scenario, that the decision to allow only prospective relief does not make the remedy inadequate). Such an allegation is really a complaint about a substantive defect in the state court's remedy, and *Rosewell* requires only that states maintain procedurally adequate remedies. *Rosewell,* 450 U.S. at 512. Moreover, the fact that Indiana has put a new constitutional system into place as of May 2001 after finding defects in its previous assessment procedure further establishes that Indiana is capable of administering its own tax system without interference from the federal courts. Finally, taxpayers can continue to pursue "as applied" challenges to any assessment made under the old system. For these reasons we conclude that the State of Indiana provides a plain, speedy and efficient remedy for taxpayers who quarrel with the assessment they have received. The federal courts, therefore, have no jurisdiction to consider the landowners' claims.

As a final matter, the landowners argue in their reply brief that the district court should not have granted the motion to dismiss without giving the landowners the opportunity for discovery or an evidentiary hearing. A district court has wide latitude in determining wheth-

er to grant a party's request for discovery and we review such a decision for an abuse of discretion. *Doty v. Illinois Cent. R.R. Co.*, 162 F.3d 460, 461 (7th Cir. 1998). In this case, in order to determine whether subject matter jurisdiction existed, the court needed to determine whether Indiana provided a plain, speedy and efficient remedy to taxpayers. Because of the minimal procedural requirements for "plain, speedy and efficient" set forth by the Supreme Court in *Rosewell*, the district court could make a determination of adequacy based on the information before it, including by reviewing the applicable statutes establishing the procedures for tax assessment review. Consequently, it was not an abuse of discretion for the district court to grant the motion to dismiss without allowing the landowners to conduct discovery. *See Rothrock v. United States*, 62 F.3d 196, 200 (7th Cir. 1995) (stating that where both sides had available the applicable statutes and regulations and the question of a lack of subject matter jurisdiction was grounded in these sources, it was not an abuse of discretion to decide the case without allowing additional discovery). Similarly, it was unnecessary for the district court to hold a hearing on the motion to dismiss for lack of subject matter jurisdiction as the facts were straightforward and the law not complex. *See Cook v. Providence Hosp.*, 820 F.2d 176, 178 (6th Cir. 1987) (finding that no hearing is required on a motion to dismiss where the facts are relatively simple, substantially uncontroverted, and the law is not complex).

## III.

For the reasons stated above, we affirm the district court's grant of the motion to dismiss for lack of subject matter jurisdiction.

AFFIRMED.

No. 02-1199 11

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*